

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2006

# Wallace v. Graphic Mgmt Assoc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5216

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wallace v. Graphic Mgmt Assoc" (2006). *2006 Decisions.* Paper 719.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/719

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5216
_____

MARGARET WALLACE,

Appellant

v.

GRAPHIC MANAGEMENT ASSOCIATES, AND THE MANAGEMENT
AND OWNERSHIP THEREOF, CEO, PRESIDENT, HOLDING
COMPANY, AND OTHER OWNERSHIP AND/OR MANAGEMENT
OF GMA, NATIONALLY AND/OR INTERNATIONALLY (PRESENTLY
NOT IDENTIFIED); STEVE GARZA, MANAGER OF THIS LOCATION;
EDWARD OLIVER, FORMER SENIOR SUPERVISOR AT THIS LOCATION

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-00819)
District Judge: Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2006

Before: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>
(Filed:  July 21, 2006)

_____

OPINION
_____

PER CURIAM

Margaret Wallace, appearing pro se, appeals the District Court's dismissal of her complaint for failure to comply with the Court's scheduling and discovery orders. For the reasons that follow, we will affirm.

On February 26, 2004, Margaret Wallace filed a complaint in the United States District Court for the Eastern District of Pennsylvania against her employer, Graphic Management Associates, the manager of the facility where she worked, Steve Garza, and her former supervisor, Edward Oliver. Wallace alleged that she was subjected to a sexually hostile work environment by Oliver, discriminated against on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §§ 951-963, and retaliated against for complaining of the discriminatory treatment.

The action was originally assigned to the Honorable Charles Weiner. Defendants noticed Wallace's deposition for April 23, 2004, on which date Wallace appeared, but refused to answer any questions, except in writing. The District Court encouraged Wallace to seek an attorney and directed her to appear for her deposition on May 14, 2004. After Wallace failed to appear on May 14, defendants moved for sanctions, and the District Court issued an order directing Wallace to show cause why the action should not be dismissed for failure to prosecute. At the hearing on the order to show cause, the District Court denied defendants' motion and ordered Wallace to appear for her

deposition on June 4, 2004.

Wallace appeared for her deposition on June 4, at which time she testified that she had taken contemporaneous notes relating to her employment and allegations of sexual harassment. These notes had not been produced to defendants during the course of discovery. According to defendants, Wallace stated that she was unwilling to produce the documents until the trial. Defendants then moved for dismissal of the action based on Wallace's refusal to cooperate in discovery. The Court again issued an order to show cause why the action should not be dismissed for failure to prosecute, and at the hearing, instructed Wallace to produce a copy of her notes and other requested items and to appear for the continuation of her deposition on July 16, 2004.

Wallace failed to produce her notes as instructed by the Court. On July 22, 2004, Defendants filed a third motion seeking dismissal of the action for failure to comply with the Court's discovery orders. The Court issued a third order to show cause why the action should not be dismissed for failure to comply with the Court's directives and set a hearing on the matter on August 11, 2004. Wallace failed to appear at the hearing, later informing the Court that she was ill and on the day of the hearing and had therefore been unable to attend.

On August 23, 2004, the Court issued an order indicating that it would, "out of an abundance of leniency considering that plaintiff is pro se, allow her one last opportunity to appear before the court." The Court set another hearing for September 1, 2004, and indicated that should Wallace fail to appear, it would summarily dismiss the action with

prejudice.  Following the hearing, the Court ordered that Wallace provide defendants with all of her contemporaneous notes no later than September 8, 2004, and indicated that failure to do so would result in summary dismissal of the action.

On December 10, 2004, the Court scheduled trial to commence on January 24, 2005.  Following a status conference on January 18, 2005, on Wallace's motion, Judge Weiner recused himself pursuant to 28 U.S.C. § 455.  In doing so, the Court explained:

> . . . For whatever reason, plaintiff has proceeded in an obdurate manner by refusing to appear at her deposition, refusing to cooperate at her deposition, failing to respond to written discovery, failing to turn over to defense counsel, as directed by the Court, certain notes that she had made during her employment with defendant, failing to appear at scheduled hearings before this Court and overall failing to prosecute her claim in a timely manner. Plaintiff's conduct has forced the defendant to file numerous motions for sanctions, including dismissal of this action, all of which the Court has denied out of great leniency to the plaintiff's pro se status.  Despite this leniency, plaintiff contends that the Court is biased against her.

Following Judge Weiner's recusal, the case was reassigned to The Honorable R. Barclay Surrick.  On September 27, 2005, the Court ordered the parties to appear at a conference on November 17, 2005.  Wallace filed a "Petition in Opposition to Proposed Conference" in which she maintained that Judge Surrick was biased against her and therefore she opposed any meeting at which he would be present.  Wallace concurrently filed a motion requesting that Judge Surrick recuse himself before November 17.  On October 14, 2005, the Court issued an order denying Wallace's motions and admonishing her that her failure to appear at the status conference would result in the dismissal of her complaint.  When Wallace did not appear, the Court granted defendants' oral motion to

4

dismiss the complaint, holding that "for whatever reason, Plaintiff is delaying this matter and making it impossible to proceed to final disposition, and that the effect of Plaintiff's conduct is to cause great hardship and expense to Defendants." The Court noted that Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), required that the Court weigh six relevant factors before dismissing an action as a sanction for failure to prosecute, and concluded that, after considering these factors, it was clear that dismissal was appropriate. Wallace timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to prosecute for abuse of discretion. In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993). Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action should a party fail to obey an order to provide or permit discovery. In assessing the propriety of such an action, we have stated that:

> we will be guided by the manner in which the trial court balanced the following factors, which have been enumerated in the earlier cases, and whether the record supports its findings: (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984).

A review of the Poulis factors makes it clear that the District Court acted well within its discretion in dismissing Wallace's action. Any delay or failure to follow the Court's orders was directly attributable to Wallace, as she was representing herself pro se.

5

As the District Court noted, defendants have been prejudiced by Wallace's delay and her failure to comply with the Court's discovery and scheduling orders. Wallace's refusal to turn over her notes has precluded defendants from completing her deposition or fully preparing for trial. Furthermore, the Court has noted that Wallace's refusal to participate in discovery and to follow court orders has been ongoing. While the District Court did not make explicit findings on whether her conduct was willful or in bad faith, whether alternative sanctions would be effective, or whether her underlying claims are meritorious, the Court did indicate that it considered all of the relevant factors and that they supported dismissal. Given Wallace's history of noncompliance and the ample opportunities provided to her by the District Court to rectify her behavior, we cannot say that the District Court abused its discretion in ultimately dismissing her case.

Accordingly, we will affirm the judgment of the District Court.