

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2007

# Wallace v. Abell

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wallace v. Abell" (2007). 2007 Decisions. Paper 1688.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1688

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3361

JOHN WALLACE; MARGARET WALLACE, Wife;
HEATHER WALLACE, Daughter, Child #1;
COSETTE WALLACE, Daughter, Child #2; GRACE WALLACE, Daughter, Child #3;
DANIEL WALLACE, Son, Child #4; FAITH WALLACE, Daughter, Child #5;
JOY WALLACE, Daughter, Child #6; JOSHUA WALLACE, Son, Child #7;
SAMUEL WALLACE, Son, Child #8; DAVID WALLACE, Son, Child #9;
JONATHAN WALLACE, Son, Child #10;
AIMEE WALLACE, Daughter (Deceased), Child #11;
UNBORN CHILD (Deceased), Child #12; UNBORN CHILD (Deceased), Chile #13;
VICTORIA WALLACE, Daughter, Child #14

v.

*RICHARD ABELL, Special Master (In Vaccine Compensation Cases);
J. BRIAN BISHOP, Clerk of Court United States Court of Federal Claims;
FEDERAL EMPLOYEES, (Individuals (Un)Named in Connection With the Order).;
OTHERS UNKNOWN TO THE PLAINTIFF AT THE PRESENT TIME CONSISTING
OF LAW CLERKS, CLERKS IN THE CLERK'S OFFICE, ET AL.; JAN HORBALY,
Clerk of Court of the United States Court of Appeals for the Federal Circuit;
OTHERS UNKOWN TO THE PLAINTIFF AT THE PRESENT TIME
CONSISTING OF LAW CLERKS, CLERKS IN THE CLERKS OFFICE, ET AL;
DEPARTMENT OF HEALTH AND HUMAN SERVICES, (DHHS);
VINCENT MATANOSKI, Attorney for DHHS, Others in the Employ of DHHS
who were involved in the Claims Court Case; SHOEMAKER AND HORN;
CLIFFORD SHOEMAKER, Attorney Representing Plaintiff before withdrawing
others in the employ of Shoemaker and Horn and/or Clifford Shoemaker who were
involved in the Claims Court Case; VIERA SCHEIBNER, PHD. Australia,
"Expert Witness" for the Plaintiff; OFFICE OF THE ATTORNEY GENERAL;
CHRISTOPHER WRAY, Assistant Attorney General, Criminal Division;
BRUCE OHR, Chief, Organized Crime; JOSHUA HOCHBERG, Chief, Fraud;
UNITED STATES ATTORNEY'S OFFICE;
PATRICK L. MEEHAN, United States Attorney;
MRS. FARNON, (Function Unknown)

John Wallace,
Appellant

*(Amended in accordance with Clerk Order dated 08/30/06)

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-6022
(Honorable James T. Giles)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 22, 2006

Before:  SCIRICA, Chief Judge, SMITH and CHAGARES, Circuit Judges

(Filed: February 1, 2007)

OPINION OF THE COURT

PER CURIAM.

Appellant John Wallace and his wife Margaret filed a claim in 1997 for

compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 et

seq., alleging that the polio vaccinations received by their daughter Aimée led to her

death and the death of another of their children.[1]  Toward the end of lengthy proceedings,

the case was assigned to Special Master Richard Abell of the Office of Special Masters of

the United States Court of Claims.  On October 28, 2005, Special Master Abell filed a

---

[1] Aimee died on April 15, 1994, seven weeks after her third oral polio vaccination.
The cause of death was determined to be dehydration following acute enteritis.

2

decision in the Wallaces' case, finding that, although they had had ample time to do so, they had provided no expert medical opinion to support their claim. See Wallace v.Sec'y of Health & Human Services, 2005 WL 3132463, at *3 (Fed. Cl. October 28, 2005) ("Petitioners have proffered no evidence that their medical theory – implicating the polio virus with the injuries alleged – is plausible."). The petition was dismissed pursuant to a judgment on November 30, 2005.

A prior petition by Margaret Wallace on behalf of Aimée was dismissed with prejudice by Special Master Abell on November 20, 2003 for failure to prosecute. After the government submitted an expert report from Dr. Jerome Klein, Special Master Abell directed Mrs. Wallace to secure a qualified medical expert to respond to Dr. Klein's report. She did not secure a qualified medical expert as directed. See Wallace v.Sec'y of Health & Human Services, 2003 WL 23218075 (Fed. Cl. November 21, 2003). Mrs. Wallace appealed, but her appeal was dismissed on procedural grounds by the Clerk of the United States Court of Appeals for the Federal Circuit, Jan Horbaly, for failure to file a brief within the time required by Federal Rule of Appellate Procedure 31(a). See Wallace v.Sec'y of Health & Human Services, 101 Fed. Appx. 340 (Fed. Cir. June 4, 2004) (Clerk's Order).

On November 17, 2005, John Wallace sued Special Master Abell, Horbaly and the Clerk of the Court of Federal Claims, J. Brian Bishop, in United States District Court for the Eastern District of Pennsylvania, alleging that they violated his civil rights, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

3

Special Master Abell was alleged to have acted without jurisdiction and to have issued improper rulings, Bishop was alleged to have failed to timely notify Wallace of the Special Master's decisions, and Horbaly was alleged to have improperly terminated his appeal to the Federal Circuit, all in violation of his right to due process. Wallace asked for money damages and prospective relief in the form of having his vaccine case reinstated, with all prior adverse orders vacated; he also sought the recusal of Special Master Abell. The District Court granted the defendants' motion to dismiss, and dismissed the complaint in an order entered on June 16, 2006. Wallace appeals.

We will affirm. The complaint was properly dismissed by the District Court. An individual acting in a judicial capacity is absolutely immunized from a suit for money damages, Stump v. Sparkman, 435 U.S. 349 (1978), even if acting erroneously, corruptly or in excess of jurisdiction, see Mireles v. Waco, 502 U.S. 9, 11 (1991). Special Master Abell, serving as a neutral adjudicator by appointment of the United States Court of Federal Claims, is shielded from suit for the performance of judicial acts of the type alleged here. See Forrester v. White, 484 U.S. 219, 228-29 (1988). We find appellant's arguments to the contrary unpersuasive. The same reasoning applies to Horbaly, who, as Clerk of the Federal Circuit Court, exercised discretion in ordering that Wallace's appeal be dismissed on procedural grounds pursuant to a lawfully enacted federal rule.[2] These

_____

[2] Federal Rule of Appellate Procedure 31 provides:

(a) Time to Serve and File a Brief.

(continued...)

4

two judicial actors also are shielded from a suit for prospective relief under the Federal Courts Improvement Act, Pub.L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity," "unless a declaratory decree was violated or declaratory relief was unavailable").[3]

Bishop is shielded from a suit for damages by the doctrine of qualified immunity. See Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980) (entering order and notifying parties is routine, nondiscretionary duty). Assuming, arguendo, that Bishop had the duty to provide timely notice of the Special Masters' decisions, but see Rule 53(e), Rules of the Court of Federal Claims ("A master who makes an order must file the order and

---

[2](...continued)

> (1) The appellant must serve and file a brief within 40 days after the record is filed. The appellee must serve and file a brief within 30 days after the appellant's brief is served. The appellant may serve and file a reply brief within 14 days after service of the appellee's brief but a reply brief must be filed at least 3 days before argument, unless the court, for good cause, allows a later filing.

> \*   \*   \*   \*

> (c) Consequence of Failure to File. If an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal. An appellee who fails to file a brief will not be heard at oral argument unless the court grants permission.

Fed. R. App. Pro. 31(a)(1), (c).

[3] See Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinction for purposes of immunity between state official sued under section 1983 and federal official sued under Bivens).

5

promptly serve a copy on each party. The clerk must enter the order on the docket."), and, accepting as we must for purposes of Rule 12(b)(6) that the duty was breached here, Conley v. Gibson, 355 U.S. 41, 45-46 (1957), the doctrine of qualified immunity protects him unless he acted in a plainly incompetent manner or knowingly violated the law, see Malley v. Briggs, 475 U.S. 335, 341 (1986), which Wallace has not argued in his brief on appeal. Wallace did not seek prospective relief with respect to this defendant.

We will affirm the order of the District Court dismissing the complaint.