

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2008

# Wallace v. Fed Judges US Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wallace v. Fed Judges US Dist" (2008). *2008 Decisions.* Paper 1383.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1383

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1316

———————

JOHN WALLACE
                                    Appellant

v.

FEDERAL JUDGES OF UNITED STATES DISTRICT COURT, PHILADELPHIA;
STATE JUDGES OF COMMONWEALTH COURT OF PA; GRAPHIC
MANAGEMENT ASSOC.; and STEVENS & LEE

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-1649)
District Judge:  Honorable James T. Giles

———————

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit Judges</u>

(Opinion filed: March 26, 2008)

———————

OPINION

———————

PER CURIAM

    John Wallace filed a civil rights action against the Judges of the United States

District Court for the Eastern District of Pennsylvania ("federal judges"), the Judges of

the Commonwealth Court of Pennsylvania ("state judges"), Graphic Management Assoc.

("GMA"), and the law firm of Stevens & Lee, for alleged fraud on the state and federal courts.[1] Wallace brought this action pursuant to 42 U.S.C. § 1983 and the rule of <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Appellant's complaint arises out of unsuccessful state and federal lawsuits that his wife Margaret brought in response to GMA's termination of her employment in 2004.[2] The federal suit initially was assigned to the Honorable Charles Weiner, and then re-assigned to the Honorable R. Barclay Surrick after Judge Weiner recused himself at Margaret's request. The complaint specifies six alleged instances of fraud on the state and/or federal courts: (1) Counsel for GMA, Attorney R. Michael Carr, not a defendant in this action, allegedly substituted excerpts from the GMA Employee Handbook, which falsely indicated to the Court that Margaret was aware of certain Handbook provisions used to justify her termination; (2) Carr allegedly submitted a prior deposition transcript in place of a subsequent deposition transcript without the Court's knowledge or approval, simply because the latter deposition contained testimony favorable to Margaret; (3) Carr filed a motion to dismiss in which he allegedly claimed falsely that Margaret had not

---

[1]The complaint is only nominally against all of the judges in the Eastern District of Pennsylvania; it specifically names only Judges Weiner and Surrick. The complaint also recites grievances against several other entities and individuals, such as the Unemployment Compensation Board of Review, but these entities and individuals were never served and never entered an appearance in the District Court. Accordingly, they are not parties in this matter.

[2]As Wallace proceeds <u>pro se</u>, he may not represent Margaret and may only assert claims brought in his own right. <u>See</u> <u>Osei-Afriyie v. Med. Coll. of Pa.</u>, 937 F.2d 876 (3d Cir. 1991).

2

made out a <u>prima</u> <u>facie</u> case of employment discrimination or retaliation; (4) Carr filed a summary judgment motion in which he allegedly claimed falsely that Margaret had no cause of action, and that he quoted testimony from a deposition that the Court had ruled should not be relied upon and omitted testimony favorable to Margaret; (5) Carr filed a motion in limine to exclude evidence relating to Margaret's termination, which "caused" an adverse ruling by Judge Surrick; and (6) an unidentified male cashed Margaret's 401(k) check. <u>See</u> Compl., pp. 48-51. Appellant asserts that Judge Weiner, who is now deceased, and Judge Surrick both ignored and thereby acquiesced to frauds allegedly perpetrated by Carr. The District Court dismissed Wallace's suit against the state and federal judges under Fed. R. Civ. P. 12(b)(6). Wallace appealed and sought entry of judgment under Fed. R. Civ. P. 54(b), which the District Court denied. We dismissed the appeal from that order for lack of jurisdiction. GMA and the individual defendants then moved to dismiss the complaint, and the District Court granted the motion. Wallace again appealed.

We now have jurisdiction under 28 U.S.C. § 1291. We review a District Court's dismissal under Fed. R. Civ. P. 12(b)(6) <u>de</u> <u>novo</u>. <u>Merle v. U.S.</u>, 351 F.3d 92, 94 (3d Cir. 2003). The District Court correctly determined that judges enjoy absolute judicial immunity for conduct pursuant to their role as judicial officers. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1978). Accordingly, the claims against Judges Weiner and Surrick, as well as the claims

3

against the state court judges, were properly dismissed.

The District Court also correctly dismissed the complaint as to GMA and Stevens & Lee. Neither GMA nor Stevens & Lee are state or federal actors, nor does the act of filing a pleading with a court transform a private actor into an entity acting under color of state or federal law. The complaint offers only conclusory allegations that GMA and Stevens & Lee conspired with state and federal actors. Accordingly, Wallace's claims against GMA and Stevens & Lee were properly dismissed. Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998), cert. denied, 525 U.S. 930 (1998) ("[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss.").[3]

Accordingly, we will affirm the judgment of the District Court.[4]

---

[3]Should Wallace continue to file lawsuits against immune or otherwise improper defendants, the District Court or we could enter an order restricting his filing of such cases. See Chipps v. U.S. Dist. Ct. M.D. Pa., 882 F.2d 72, 73 (3d Cir. 1989).

[4]In reaching this determination, we considered the motion for summary action filed by appellees Federal Judges as well as appellant's brief. We decline to take summary action, proceeding instead under 3d Cir. LAR 34.1(a) (1997).

4