

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2009

# John Wallace v. Richard Abell

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3484

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"John Wallace v. Richard Abell" (2009). *2009 Decisions*. Paper 1692.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1692

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3484
_____

JOHN WALLACE; MARGARET WALLACE, WIFE;
HEATHER WALLACE, DAUGHTER, CHILD #1;
COSETTE WALLACE, DAUGHTER, CHILD #2;
GRACE WALLACE, DAUGHTER, CHILD #3; DANIEL
WALLACE, SONE CHILD #4; FAITH WALLACE,
DAUGHTER, CHILD #5; JOY WALLACE, DAUGHTER,
CHILD #6; JOSHUA WALLACE, SON, CHILD #7;
SAMUEL WALLACE, SON, CHILD #8; DAVID
WALLACE, SON, CHILD # 9; JONATHAN WALLACE,
SON, CHILD #10; UNBORN CHILD (DECEASED),
CHILD #12; UNBORN CHILD (DECEASED), CHILD
#13 VICTORIA WALLACE, DAUGHTER, CHILD #14,

John Wallace, Appellant,

v.

RICHARD ABELL, FEDERAL EMPLOYEE OF US
COURT OF FEDERAL CLAIMS: SPECIAL MASTER; JAN
HORBALY, FEDERAL EMPLOYEES OF THE UNITED
STATES COURT OF APPEALS FOR THE FEDERAL
CIRCUIT: CLERK OF COURT OTHERS UNKNOWN TO
THE PLAINTIFF AT THE PRESENT TIME CONSISTING OF
LAW CLERKS, CLERKS IN THE CLERK'S OFFICE, ET AL.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-04918)
District Judge:  Honorable Noel L. Hillman

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2009

Before: SLOVITER, AMBRO and STAPLETON,    Circuit Judges

(Opinion filed March 25, 2009 )
_____

OPINION
_____

PER CURIAM

Appellant John Wallace appeals from an order of the District Court dismissing his complaint and striking his written submission attempting to supplement his complaint.[1] Finding no error, we will affirm. Because the parties are familiar with the relevant facts and the procedural background, we will not discuss them in detail.

Wallace filed this Bivens[2] action in United States District Court for the Eastern District of Pennsylvania initially against Richard Abell, a Special Master in the United States Court of Federal Claims, and Jan Horbaly, the Clerk of the United States Court of Appeals for the Federal Circuit, purportedly on behalf of his wife and his fourteen born and unborn children. He claimed that Special Master Abell, who was assigned to decide certain vaccine claims brought by Wallace and his wife pursuant to the National

---

[1] The notice of appeal filed in this case was signed by John Wallace only.

[2] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 et seq., decided those claims in the absence of jurisdiction to do so, and, furthermore, he should have recused himself. Wallace claimed that Clerk of Court Horbaly did not timely inform him that Special Master Abell had dismissed his case, causing his appeal of the decision to be untimely. His actions, he contended, rendered it an exercise in futility to file an appeal from Abell's decision in a subsequent vaccine case, and thus his due process rights were violated.[3] Pursuant to 28 U.S.C. § 292(b), our Chief Judge assigned this matter to the United States District Court for the District of New Jersey.

A few months after the action was filed, Abell and Horbaly moved for an extension of time in which to respond to Wallace's complaint. In that motion, Assistant United States Attorneys Virginia Gibson and Paul Kaufman noted in the margin that, pursuant to our not precedential opinion in Wallace v. Federal Judges of U.S. Dist. Court, 2008 WL 786738 (3d Cir. March 26, 2008), Wallace could not represent his wife and

---

[3] In the first case, Wallace and his wife claimed that their daughter Aimée died because of a vaccine. Following the denial of their claim by Special Master Abell for lack of evidentiary support, see Wallace v.Sec'y of Health & Human Services, 2005 WL 3132463 (Fed. Cl. October 28, 2005), they attempted to appeal to the United States Court of Appeals for the Federal Circuit, but their appeal was dismissed by Clerk of Court Horbaly for failure to file a brief in conformity with the local appellate rules. The Wallaces then filed a Bivens action against Abell, Horbaly and others in federal district court. The case was dismissed and we affirmed in Wallace v. Abell, 217 Fed. Appx. 124 (3d Cir. 2007). In their second action, the Wallaces alleged that the same vaccine that killed Aimée also harmed the rest of the family. This claim also was denied by Special Master Abell for lack of evidentiary support. See Wallace v. Sec'y of Health and Human Services, 2005 WL 3132463 (Fed. Cl. October 28, 2005). The Wallaces chose not to appeal this decision, and proceeded instead with the instant Bivens action.

children pro se in federal court. In response, Wallace submitted an item titled "Entry of New Defendants" pursuant to Rule 15(d), Fed. R. Civ. Pro., that purported to state claims against Gibson and Kaufman for committing a fraud on the District Court by inappropriately citing a not precedential decision, and misinterpreting our precedential decision in Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991) (parent who was not an attorney was not entitled to represent his minor children in federal court).[4] Wallace maintained that he may represent his wife, and, furthermore, only two of his children are minors; the rest are "of age or deceased."

The defendants moved to dismiss Wallace's Bivens action for failure to state a claim upon which relief may be granted, see Fed. R. Civ. Pro. 12(b)(6), and moved to strike his "Entry of New Defendants" as a futile supplemental pleading. In an order entered on July 22, 2008, the District Court granted the motion to dismiss, finding that the complaint failed to state an actionable claim. The District Court also granted the defendants' motion to strike Wallace's "Entry of New Defendants." Wallace has timely appealed.

---

[4] We note for Mr. Wallace's benefit that Federal Rule of Appellate Procedure 32.1(a) provides that: "A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: (i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and (ii) issued on or after January 1, 2007. Fed. R. App. Pro. 32.1(a)(i) & (ii). Our Internal Operating Procedures provide that: "The court by tradition does not cite to its not precedential opinions as authority. Such opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing." Third Cir. I.O.P. 5.7.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. Our standard of review over the District Court's dismissal pursuant to Rule 12(b)(6) is plenary. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp., 127 S. Ct. at 1965). Nevertheless, the complaint must state an actionable claim.

Dismissal of defendants Special Master Abell and Clerk of Court Horbaly was proper under Rule 12(b)(6). An individual acting in a judicial capacity is absolutely immunized from a suit for money damages, Stump v. Sparkman, 435 U.S. 349 (1978), even if acting erroneously, corruptly or in excess of jurisdiction, see Mireles v. Waco, 502 U.S. 9, 11 (1991). Special Master Abell, serving as a neutral adjudicator by appointment of the United States Court of Federal Claims, is shielded from suit for the performance of judicial acts of the type alleged here. See Forrester v. White, 484 U.S. 219, 228-29 (1988).[5] In Wallace v. Abell, 217 Fed. Appx. 124 (3d Cir. 2007), we explained that Clerk of Court Horbaly was absolutely immunized from a suit for damages for discretionary

_____

[5] To the extent that Wallace contends on appeal that Special Master Abell should have recused himself, that issue is not properly before us in this action, and would have to be raised in an appeal from Special Master Abell's decision(s).

5

acts, id. at 127, and that court personnel are qualifiedly immunized for nondiscretionary acts such as entering orders and notifying parties, id. (citing Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980)). We have carefully considered Wallace's arguments on appeal but do not believe it necessary to reconsider our earlier decision. Depending on the precise allegations against Clerk of Court Horbaly (which Wallace has made less than clear), it is plain that one or the other of the immunities apply, and that dismissal of the complaint against him was proper under Rule 12(b)(6).

With respect to the Assistant U.S. Attorneys, Rule 15(d) provides that: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. Pro. 15(d). Wallace's supplemental pleading asked that Assistant U.S. Attorneys Gibson and Kaufman be added as defendants, but, as explained by the District Court, Wallace failed to file the appropriate motion. Furthermore, adding these defendants to the action would have been futile, cf. Foman v. Davis, 371 U.S. 178, 182 (1962) (district court may deny leave to amend under Rule 15(a) when amendment is futile), because their conduct arose in defending Abell and Horbaly. Persons performing adjudicatory functions within federal agencies are entitled to absolute immunity from damages liability for their judicial acts. See Butz v. Economou, 438 U.S. 478 (1978). We see no difference between the

6

function of a prosecutor who brings evidence before a court and the function of an Assistant U.S. Attorney, acting as defense counsel, who argues for a broad interpretation of circuit precedent.  In either case, the argument may be rebutted, and subjected to reinterpretation by opposing counsel, or, as in this case, a plaintiff acting pro se. Argument that is unpersuasive ultimately will be rejected by the court.[6]  Consequently, the District Court properly struck the supplemental pleading as futile.

Finally, in Wallace v. Federal Judges of U.S. Dist. Court, 2008 WL 786738, we cautioned that, should Wallace "continue to file lawsuits against immune or otherwise improper defendants, the District Court or we could enter an order restricting his filing of such cases."  Id. at *2.  Insofar as Wallace filed the instant complaint before we issued that warning, we will take no action at this time except to repeat the warning.

We will affirm the order of the District Court dismissing the complaint and granting the defendants' motion to strike.

---

[6] In this case, the District Court noted that neither Mr. Wallace nor Mrs. Wallace, who were appearing pro se, could represent the interests of their minor children under Osei-Afriye, Mr. Wallace could not serve as an attorney for anyone but himself, see, e.g., Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998), and Mr. Wallace's deceased children have no individual standing, see Adelsberger v. United States, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003).  The matter was moot in any event because the action could not be maintained against these defendants insofar as immunities applied.