

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Wallace v. Fed Empl US Dist Ct

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2548

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Wallace v. Fed Empl US Dist Ct" (2009). *2009 Decisions.* Paper 1339.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1339

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2548
_____

JOHN WALLACE; MARGARET WALLACE

v.

FEDERAL EMPLOYEES OF US DISTRICT COURT, EDPA; CHARLES WEINER;
JUDGE R. BARCLAY SURRICK, JUDGE; STATE EMPLOYEE OF DISTRICT
JUSTICE'S OFFICE; MICHELE A. VARRICCHIO, DISTRICT JUSTICE; GRAPHIC
MANAGEMENT ASSOCIATES (GMA), AND THE MANAGEMENT AND
OWNERSHIP AT ALL LEVELS WHETHER NATIONAL AND/OR
INTERNATIONAL; RANDY SEIDEL, FORMER CEO; STEVE GARZA, FORMER
DIRECTOR OF OPERATIONS, UNKNOWN OTHERS; STEVENS & LEE, AND THE
MANAGEMENT AND OWNERSHIP AT ALL LEVELS; R. MICHAEL CARR,
ATTORNEY; JADO ASSOCIATES, AND THE MANAGEMENT AND OWNERSHIP
AT ALL LEVELS; JULIAN ASENCIO, OWNER; DORCA ASENCIO, POSSIBLE
WIFE, SURNAME MAY DIFFER, POSSIBLE CO-OWNER

John Wallace,
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 07-cv-01132)
District Judge:  Honorable Noel L. Hillman*
*District Judge of the United States District Court for the District
of New Jersey, sitting in the United States District Court for the
Eastern District of Pennsylvania pursuant to 28 U.S.C. § 292(b)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2009

(Opinion Filed:  May 21, 2009)
_____

OPINION
_____

PER CURIAM

John Wallace appeals <u>pro</u> <u>se</u> from the District Court's order dismissing his and his wife's complaint.  For the following reasons, we will affirm.

I.

Wallace's claims arise principally from prior judicial proceedings.  In 2004, his wife, Margaret Wallace, filed an employment discrimination suit in the Eastern District of Pennsylvania against her former employer Graphic Management Associates ("GMA") and certain of its employees.  The case initially was assigned to District Judge Weiner (now deceased) but was reassigned to District Judge Surrick after Judge Weiner recused himself on Margaret Wallace's motion.  Judge Surrick ultimately dismissed her complaint as a sanction for her repeated refusal to comply with discovery and scheduling orders, and we affirmed.  <u>See</u> <u>Wallace v. Graphic Mgmt. Assocs.</u>, 197 Fed. Appx. 138 (3d Cir. 2006).

In 2006, while that appeal was pending, John Wallace filed another action in the Eastern District of Pennsylvania alleging that the defendants in his wife's suit, aided by their attorneys, had filed various fraudulent documents with the court and that Judges Weiner and Surrick had "acquiesced" in the fraud.  He also alleged various improprieties

2

during proceedings before the Pennsylvania Commonwealth Court. The complaint named as defendants Judges Weiner and Surrick, the judges of the Pennsylvania Commonwealth Court, GMA and its counsel. The complaint purported to state claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against the federal defendants and 42 U.S.C. § 1983 against the state defendants. Among other things, Wallace alleged that GMA and its counsel were federal and state actors because they had perpetrated fraud on state and federal courts in which the judges thereof had acquiesced. The District Court dismissed Wallace's complaint, and we affirmed that ruling as well. See Wallace v. Federal Judges of United States Dist. Ct., C.A. No. 07-1316, 2008 WL 786738 (3d Cir. March 10, 2008).

Finally, while that appeal was pending, the Wallaces filed the complaint as issue here. The complaint once again names as defendants the federal judges and private actors who were defendants in Wallace's 2006 complaint and repeats many of the allegations and purported claims contained therein.[1]

The complaint also asserts claims arising out of a Pennsylvania state landlord-tenant proceeding conducted while Wallace's 2006 complaint was still pending before the

---

[1]The District Court aptly characterized the complaint as "the type of burdensome and unnecessarily and unfairly cumbersome complaint that is violative of the Federal Rules." The rambling 210-page complaint, much of which is not set forth in numbered paragraphs, is rife with redundancies and irrelevant and impertinent matter. It includes, among other things, lists of GMA's counsel's alleged "captive" state and federal judges, and in reference to the passing of Judge Weiner alleges that he "through death has entered another jurisdiction and has found justice." Compl. at 17.

District Court. According to the Wallaces, the purported fraud in Margaret Wallace's 2004 employment suit deprived her of a judgment and left her without sufficient funds to pay rent to her landlord, JADO Associates (John Wallace apparently was in prison at the time). In April 2005, JADO Associates obtained a judgment from Pennsylvania District Justice Michele A. Varricchio for eviction and approximately $2,000 in back rent. The Wallaces concede that they were behind on their rent and that JADO Associates was entitled to evict them, and they claim to have paid the judgment in full. They contend, however, that JADO Associates submitted fraudulent documents to District Justice Varricchio overstating their liability for back rent by "$650 or more" and that District Justice Varricchio must have known of the fraud because the Wallaces informed her of the allegedly correct amount.

On the basis of these allegations, the Wallaces named as defendants JADO Associates, its owners Julian and Dorca Asencio (collectively, the "JADO defendants"), District Justice Varricchio and an unnamed employee of her office. Just as Wallace did in his 2006 suit against GMA, they assert a § 1983 claim against the JADO defendants on the theory that they acted under color of state law by virtue of District Justice Varricchio's alleged "acquiescence" in their fraud. The Wallaces clarified that the only claim they intended to assert against the JADO defendants was one under § 1983. See, e.g., Compl. at 132 ("The Plaintiffs sue not for eviction, and not for the correct amount of judgment, but for deprivation of Procedural and Substantive Due Process of Law and

4

Equal Protection due to the <u>fraudulent</u> amount.").

All defendants except the JADO defendants filed motions to dismiss. The JADO defendants never entered an appearance, and the Wallaces moved for default judgment against them (as well as other defendants). By opinion and order entered April 28, 2008, the District Court dismissed the Wallaces' claims against all the non-JADO defendants with prejudice. As to the JADO defendants, the District Court first denied the Wallaces' motion for a default judgment because it concluded that they had not properly served the complaint, then dismissed their claims without prejudice for failure to effect service within 120 days of filing the complaint, <u>see</u> Fed. R. Civ. P. 4(m), and failure to conform with Rule 8. The District Court gave them leave to file an amended complaint "to assert only their claims against JADO Associates, and to cure their current complaint's Rule 8 deficiencies." Only John Wallace appeals.

II.

On appeal, Wallace wisely recognizes that all of his claims against the non-JADO defendants are foreclosed by our decision in his prior appeal and he raises no issues as to them. Any such potential issues, therefore, are waived.[2] Instead, he raises two issues

---

[2]Nevertheless, we note that we agree in all respects with the District Court's analysis of why the Wallaces' claims against the non-JADO defendants fail as a matter of law. In particular, the District Court properly applied the doctrines of judicial immunity, judicial privilege, res judicata and collateral estoppel. We further note that, because Wallace has appealed <u>pro se</u>, he may not assert claims on behalf of his wife. <u>See Osei-Afriyie v. Med. Coll. of Pa.</u>, 937 F.2d 876, 882-83 (3d Cir. 1991).

5

regarding the JADO defendants.  We normally would lack appellate jurisdiction because the District Court dismissed the claims against those defendants without prejudice.  Here, however, Wallace argues that the statute of limitations has run on his claims, thus making the dismissal without prejudice effectively final.  We see no reason to question that assertion.[3]  In any event, Wallace's brief makes clear his intention to stand on his complaint.  Thus, for either or both of those reasons, we have jurisdiction pursuant to 28 U.S.C. § 1291.  See In re Westinghouse Secs. Litig., 90 F.3d 696, 705 (3d Cir. 1996).

Wallace argues first that the District Court erred in denying his motion for a default judgment against the JADO defendants.  We review that ruling for abuse of discretion, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), but exercise plenary review over the District Court's ruling on the validity of service of process, see Umbenhauer v. Woog, 969 F.2d 25, 28 (3d Cir. 1992).  We find no reversible error here.  The District Court properly explained that a default judgment cannot be entered on a complaint that has not been validly served.  See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995).  The District Court further concluded that the Wallaces had not validly served their complaint.  We agree, but for a different reason.

The District Court noted that the Wallaces had served the JADO defendants by certified mail and concluded that "[s]ervice through the United States mail is insufficient"

---

[3]The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.  See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993).  The JADO defendants obtained their judgment on April 12, 2005.

under Fed. R. Civ. P. 4(e) (governing service of individuals) and Rule 4(h) (governing service on corporations and other associations). As Wallace argues on appeal, however, each rule permits service according to the law of the state in which the district court is located (here, Pennsylvania). See Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Pennsylvania law in turn permits service on out-of-state defendants by "any form of mail requiring a receipt signed by the defendant or his authorized agent," and provides that service is effective on receipt. Pa. R. Civ. P. 403, 404(2). Here, Wallace served the complaint on the JADO defendants in New York (where they allegedly reside) by certified mail requiring a signed receipt, and he submitted a copy of the receipt signed by defendant Julian Asencio. Thus, this manner of service was proper under Pennsylvania law, at least as to that defendant.[4]

That service, however, was untimely. Service must be effected within 120 days of filing the complaint. See Fed. R. Civ. P. 4(m). The Wallaces filed their complaint on March 22, 2007, but did not serve it until Julian Asencio received it on August 2, 2007, 132 days later. Service was untimely even using the date of mailing, July 27, 2007, which was 127 days after the Wallaces filed their complaint. Thus, because the JADO defendants had not been validly served, no default judgment could be entered against

---

[4]The record is devoid of any evidence regarding whether Julian Asencio was authorized to accept service on behalf of JADO Associates or Dorca Asencio. Although "the party asserting the validity of service bears the burden of proof on that issue," Grand Entm't Gp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993), we will assume for present purposes that Julian Asencio was so authorized.

them.  See Petrucelli, 46 F.3d at 1304.[5]

Wallace's second argument is that the District Court erred by granting him leave to file an amended complaint after dismissing his claims without prejudice because the statute of limitations already had run on those claims.  Thus, he argues, the merits of those claims can be decided "only now in this appeal."  Wallace, however, does not argue that the actual dismissal of his claims was erroneous in any respect, and he raises no argument about their merit on appeal.  Any potential error in this regard is thus waived.

Nevertheless, we note that the District Court, despite some irregularities in its approach,[6]

---

[5]Even if service had been timely, a default judgment still would not have been proper because, as explained below, the complaint fails to state a claim upon which relief can be granted.  See Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988) (vacating default entered on legally insufficient claim because a default admits only well-pleaded facts and not legal conclusions).

[6]The District Court dismissed these claims for two reasons – pursuant to Rule 4(m) because service had not been effected within 120 days of filing the complaint, and pursuant to Rule 8 for noncompliance therewith.  We review each type of ruling for abuse of discretion.  See Ayers v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) (dismissals under Rule 4); In re Westinghouse Secs. Litig., 90 F.3d 696 at 702 (dismissals under Rule 8).  In this case, the District Court did not provide the Wallaces with notice and an opportunity to respond before sua sponte dismissing their claims.  See Fed. R. Civ. P. 4(m) (providing that a district court may dismiss "on motion or on its own after notice to the plaintiff").  Cf. Oatess v. Sobolevitch, 914 F.3d 428, 430 n.5 (3d Cir. 1990) (explaining that courts may sua sponte dismiss a complaint under Rule 12(b)(6) "so long as the plaintiff is accorded an opportunity to respond").  The District Court also did not properly apply Rule 4(m) because it failed to consider whether the Wallaces had "good cause" for the late service or whether to allow late service in the exercise of its discretion in lieu of dismissal.  See Petrucelli, 46 F.3d at 1305-06 (setting forth analysis required under Rule 4(m)).  In addition, we have held in other contexts that district courts may not dismiss complaints sua sponte before service of process.  See Oatess, 914 F.3d at 430-31 (dismissal under Rule 12(b)(6)); Urbano v. Calissi, 353 F.2d 196, 197 (3d Cir. 1965)

(continued...)

did not commit reversible error in dismissing these claims because they so clearly lack merit. See Fed. R. Civ. P. 61.

It is clear from the Wallaces' complaint that the only claim they intended to assert against the JADO defendants was a claim under § 1983 that those defendants violated their federal constitutional rights. It is also clear from their complaint that they neither alleged nor can allege anything that might transform the private JADO defendants into state actors for § 1983 purposes. The Wallaces allege the JADO defendants should be deemed state actors because they defrauded a court and a judge "acquiesced." This is the very same theory of state action that we rejected in Wallace's prior appeal. As we explained in that case, litigation "does not transform a private actor into an entity acting under color of state or federal law," and conclusory allegations of conspiracy do not suffice. Wallace, 2008 WL 786738, at *2. See also Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1265 (3d Cir. 1994) (explaining that there is no state action for purposes of § 1983 when a private litigant merely obtains a judgment with "acquiescence by the state"). Accordingly, we will affirm the judgment of the District Court.[7]

---

[6](...continued)
(dismissal for lack of subject matter jurisdiction). Neither of these cases addressed a situation in which a plaintiff had served process but had done so untimely. In light of our disposition, we need not consider the significance of that distinction.

[7]In addition to his substantive arguments, Wallace asks us to address whether District Judge Hillman or the District Court Clerk's Office might be subject to liability for "delaying" the entry of default against the JADO defendants. The Federal Employee defendants rightly argue that Wallace's arguments, raised for the first time on appeal,

(continued...)

9

One final matter merits mention. In Wallace's prior appeal, we cautioned that, should he "continue to file lawsuits against immune or otherwise improper defendants, the District Court or we could enter an order restricting his filing of such cases." Wallace, 2008 WL 786738, at *2. Wallace already had filed the complaint at issue here when we issued that opinion, and he wisely has not pressed in this appeal claims against parties that we already have addressed. Thus, we will take no further action in this regard at this time except to repeat the warning, particularly in light of Wallace's apparent contemplation of claims against Judge Hillman. We suggest that Wallace bear this warning in mind, as any court he may come before in the future undoubtedly will do.

---

[7](...continued)
cannot state a basis for relief, and in any event there is no merit to his assertions, which Wallace himself acknowledges raise only "theoretical" and "hypothetical" issues.