**GLD-287**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2876
_____

ROBERT L. GARY,
                                        Appellant

v.

DISTRICT JUDGE JAMES KNOLL GARDNER;
MAGISTRATE JUDGE HENRY S. PERKIN;
DEPARTMENT OF JUSTICE MARSHAL'S SERVICE
FOR THE EASTERN DISTRICT OF PA;
CLERK OF COURT MICHAEL E. KUNZ;
RICK SABOL; DEPUTY CLERK MATT SHEETZ

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. No. 11-cv-02854)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Possible or Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 8, 2011
Before:  AMBRO, CHAGARES AND COWEN, Circuit Judges

(Opinion filed September 21, 2011)
_____

OPINION
_____

PER CURIAM

Robert Gary, proceeding pro se, appeals the order of the District Court dismissing his complaint. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The allegations in Gary's complaint arise from two other civil actions he is pursuing in District Court, see E.D. Pa. Civ. Nos. 10-cv-10-1844 ("the first case") and 10-cv-2082 ("the second case"), both which were originally before Judge Gardner. He claims that Judge Gardner referred the first case to Magistrate Judge Perkin for a settlement conference without his consent. He also complains that the Clerk's Office used its own forms—rather than the forms he provided—to send civil summonses to the defendants in the first case. Gary claims that, in the second case, defendants Sabol and Sheetz erroneously informed him that he needed to personally serve the summons on defendant Robert Lobach. The Marshals did eventually serve Lobach. Gary complains that these actions have caused him mental anguish and the loss of enjoyment of life, and have deprived him of due process. He seeks $50 million in damages.

On the same day Gary filed his complaint, the District Court granted him in forma pauperis status and dismissed the complaint with prejudice. Gary filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal under § 1915(e) for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 22 (1992). Summary action is warranted if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

We agree with the District Court that Gary's claims against Judge Gardner and Magistrate Judge Perkin are barred by judicial immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duty has absolute immunity

2

from suit and will not be liable for his judicial acts."). There is no indication, whatsoever, that either of the narrow exceptions to the doctrine of judicial immunity applies here. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (explaining that the doctrine of immunity applies unless (1) the challenged action is non-judicial in nature, or (2) the challenged action was "taken in the complete absence of all jurisdiction"). Moreover, we note that the District Court vacated the order referring the case to the Magistrate Judge on August 17, 2011.

We also agree with the District Court that the United States Marshals Service is entitled to sovereign immunity from suit. The Marshals Service, as an agency of the United States, is "shielded from private actions unless sovereign immunity has been waived." Beneficial Consumer Discount Co. v. Poltonowicz, 47 F.3d 91, 94 (3d Cir. 1995). Gary has received no waiver of that immunity.

Finally, the District Court properly dismissed the claims against defendants Kuntz, Sabol, and Sheetz after determining that they are immune from suit. See Azubuko, 443 F.3d at 303; Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) ("[A]ny public official acting pursuant to court directive is [] immune from suit."); see also Wallace v. Abell, 318 F. App'x. 96, 99 (3d Cir. 2009) (Clerk of Court is absolutely immune for discretionary acts and court personnel receive qualified immunity for nondiscretionary acts.)

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

3