[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2010
JOHN LEY
CLERK

No. 09-16190
Non-Argument Calendar

_____

D. C. Docket No. 09-23293-CV-UU

MATTIE LOMAX,

                                              Plaintiff-Appellant,

versus

HARVEY RUVIN,
SHIRLEY SHABAZZ,
MICHAEL HENDERSON,
LISA LESUER,
CHARLENE STAFFORD, et al.,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Mattie Lomax, proceeding pro se, appeals the district court's sua sponte order dismissing her 42 U.S.C. § 1983 civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) because it lacked an arguable basis in law or in fact. Lomax brought suit against Harvey Ruvin, Clerk of Courts for Miami-Dade County, and several other court employees alleging that they conspired to falsely accuse her of removing an original document from a court file, which resulted in a state trial judge issuing her an order to show cause why she should not be held in contempt. It is unclear from the record whether Lomax was actually held in contempt, or if so, whether she appealed that ruling in the state courts. The district court dismissed her action as barred under the Rooker–Feldman[1] doctrine and therefore frivolous, but did not make any other findings.

We review de novo a dismissal under 28 U.S.C. § 1915(e)(2), taking the allegations in the complaint as true. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). The district court must dismiss an action brought in forma pauperis upon determining that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For §

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

2

1915 purposes, a claim is frivolous when it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

The district court's sole reason for dismissing Lomax's complaint as frivolous was that it was barred by the Rooker–Feldman doctrine. Under that doctrine, federal district courts lack jurisdiction to review final state court judgments because "that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). Traditionally, Rooker–Feldman applied when: "(1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits, (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding, and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003) (citations omitted).

Recently, however, the Supreme Court admonished lower federal courts for construing Rooker-Feldman doctrine too broadly, and held it should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced

and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22 (2005). This Court has since recognized that the Rooker–Feldman doctrine should be applied only within the limits set by Exxon. See Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009) (Exxon "casts doubt on the continued viability of the Amos test"); cf. Casale, 558 F.3d at 1261 (Rooker-Feldman doctrine continues to apply with "full force" under circumstances delineated by Exxon).

With respect to Exxon's requirement that the plaintiff be a "loser" in state court, we held that a plaintiff who tried to use federal courts to enjoin his ex-wife from enforcing several state-court contempt orders was "just the sort of 'state-court loser' the Rooker-Feldman doctrine was designed to turn aside," because the suit was essentially based on a challenge to the state court's legal reasoning. Casale, 558 F.3d at 1261 (alteration omitted). In such cases the plaintiff's proper remedy was a direct appeal in state court, not an attack in federal court. See id. We noted that a federal court is "not a clearinghouse for [plaintiff's] overstock arguments; if he did not offer them to the state courts—or if the state courts did not buy them—he cannot unload them by attempting to sell them to us." Id.

With respect to the requirement that the state court proceeding must have ended before the federal suit commenced, the Supreme Court clarified that

4

Rooker–Feldman is not triggered "simply by the entry of judgment in state court," but rather, only when state court adjudication is complete. Exxon, 544 U.S. at 292–93, 125 S.Ct. at 1526–27. Further, the challenged state court judgment must be final. Lance v. Daniels, 546 U.S. 459, 463, 126 S.Ct. 1198, 1201 (2009). We recently construed this requirement to mean that a state court action is not "complete" if the federal action is filed while appeal is still pending in the state courts. Nicholson, 558 F.3d at 1278.

Here, the record is unclear as to whether the state court actually issued a contempt order, and if so whether Lomax appealed it and what the outcome was on appeal. We cannot tell whether Lomax is a "state-court loser" within the meaning of Exxon. Accordingly, the district court erred in applying Rooker–Feldman without making factual findings necessary to support its applicability. See also Sibley v. Lando, 437 F.3d 1067, 1070–71 & n.3 (11th Cir. 2005) (per curiam).

Given the early stage at which the district court dismissed the suit, before any defendants answered or were even served, there is not enough information in the record for us to determine whether dismissal might have been appropriate on the alternative ground of immunity. See 28 U.S.C. § 1915(e)(2)(B)(iii) (dismissal mandatory if action seeks money damages against defendant who is immune). More facts about the challenged actions are needed to determine whether the

5

defendants, as court employees, would be entitled to absolute quasi-judicial immunity. Compare Scott v. Dixon, 720 F.2d 1542, 1545 (11th Cir. 1983) (clerk of court has absolute immunity when performing discretionary functions) and Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980)[2] (per curiam) (clerk has absolute immunity when carrying out judge's explicit instructions) with Williams, 612 F.2d at 984 (clerk has only qualified immunity when performing routine ministerial duties); cf. Roland v. Phillips, 19 F.3d 552, 555–56 (11th Cir. 1994) (whether non-judicial officials can claim absolute quasi-judicial immunity depends on "functional analysis" of the official's action in relation to the judicial process). Accordingly, we vacate the district court's dismissal order and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit rendered before the close of business on September 30, 1981.