[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-14223
Non-Argument Calendar

_____

D. C. Docket No. 09-00018-CV-CDL-3

ADOLFUS O BRIEN GILES,

Plaintiff-Appellant,

versus

WAL-MART DISTRIBUTION CENTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 28, 2009)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Adolfus O Brien Giles appeals the district court's dismissal of his

employment discrimination action against his former employer, Wal-Mart. The district court dismissed Giles's pro se complaint because Giles did not comply with the district court's order to file a more definite statement conforming to the pleading requirements of the Federal Rules of Civil Procedure. After review, we affirm.[1]

## I. BACKGROUND

Giles's original pro se complaint was a four-page, single-spaced document containing two very long, unnumbered paragraphs. Substantively, the original complaint consisted of a rambling personal narrative of Giles's workplace complaints that suggested numerous possible claims, including race and national origin discrimination, retaliation, hostile work environment, unjust termination, wrongful wage garnishment, and physical assault by a co-worker, among others.

Wal-Mart moved to dismiss Giles's complaint or alternatively for a more definite statement. In its order granting Wal-Mart's motion for a more definite statement, the district court described in detail the ways in which the original complaint failed to comply with Federal Rules of Civil Procedure 8 and 10.

---

[1]We review a district court's dismissal of a complaint for failure to comply with court rules for an abuse of discretion. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Id. (quotation marks omitted).

Specifically, the district court explained that the complaint lacked information regarding dates of incidents or identities of the alleged bad actors, did not differentiate which facts supported which claims, and did not state claims simply and concisely in numbered paragraphs each limited to a single set of circumstances. The district court ordered Giles to file a more definite statement that complied with Rule 8 and to "[s]et out each of his claims for relief separately, specify[ing] which factual allegations support each claim and otherwise comply with the Federal Rules of Civil Procedure." The district court also warned Giles that if he failed to comply with the order within ten days, it would dismiss his complaint.

Giles filed a document entitled "Plaintiff's More Definite Statement," that amended some of his original allegations to include dates parenthetically, broke allegations into shorter, but still unnumbered, paragraphs and added a "Conclusion" requesting $354 million in punitive damages and $1 million in compensatory damages. But, the amended complaint did not address each claim separately or identify which facts supported each claim. In fact, substantively, the amended complaint was essentially identical to the original complaint. As a result, the district court granted Wal-Mart's renewed motion to dismiss, finding that Giles's amended complaint did not comply with the Federal Rules of Civil

3

Procedure and Giles had not complied with the district court's earlier order to cure the deficiencies in his complaint.

## II. DISCUSSION

On appeal, Giles concedes that his pro se amended complaint did not comply with the pleading requirements of Federal Rules of Civil Procedure, and we agree. Giles's amended complaint did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," or make "each allegation . . . be simple, concise, and direct." See Fed. R. Civ. P. 8(a)(2), (d)(1). Further, Giles's amended complaint did not "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b). Instead, Giles's amended complaint consisted of a lengthy series of unnumbered paragraphs containing what amounts to a personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims. In other words, Giles's amended complaint is a classic "shot gun" pleading in that it is not possible to know which factual allegations support which claims for relief. See Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

Thus, despite guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be

cause for dismissal, Giles did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10. Under these circumstances, the district court did not abuse its discretion in dismissing the amended complaint. See Fed. R. Civ. P. 12(e) (providing that, if a party ordered to provide a more definite statement does not provide such a statement within ten days, the district court is empowered to strike the pleading);[2] Betty K Agencies, 432 F.3d at 1337 (stating that, if the defendant so moves, the district court may also dismiss a case under Federal Rule of Civil Procedure 41(b) for failure to comply with its order); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

We find meritless Giles's argument that justice required the district court to "over look the fact that [he] was unable to fill out a Complaint correctly" and to address his claims on their merits. Although "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir.), cert. denied, 129 S. Ct. 632 (2008), this liberal construction "does not give a court license to serve as de

---

[2]The most recent amendments to Rule 12 went into effect on December 1, 2009 and, thus, do not apply.

5

<u>facto</u> counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." <u>GJR Invs., Inc. v. County of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998).  Even a <u>pro se</u> litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so.

    **AFFIRMED.**