[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10777
Non-Argument Calendar
_____

D. C. Docket No. 3:11-cv-00164-CAR


ADOLFUS O'BRIEN GILES,

Plaintiff-Appellant,

versus

WALMART STORES EAST LP,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 20, 2012)


Before TJOFLAT, KRAVITCH and EDMONDSON, Circuit Judges.


PER CURIAM:

Adolfus Giles, proceeding <u>pro se</u>, appeals the dismissal of his employment discrimination suit against his former employer, Wal-Mart Stores East, L.P. ("Wal-Mart"). No reversible error has been shown; we affirm.

The district court determined that Giles's claims -- alleging race discrimination, hostile work environment, and assault and battery -- were barred by <u>res judicata</u> and granted Wal-Mart's motion to dismiss.[1] We review a district court's grant of a Fed.R.Civ.P. 12(b)(6) motion to dismiss <u>de novo</u>, and we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. <u>Clark v. Riley</u>, 595 F.3d 1258, 1264 (11th Cir. 2010). We review <u>de novo</u> a district court's decision that a claim is barred by <u>res judicata</u>. <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1238 (11th Cir. 1999).

In 2009, the district court granted Wal-Mart's motion to dismiss Giles's first civil action -- alleging that Wal-Mart had discriminated against him based on race and national origin; Giles had failed to comply with the court's order to file a more definite statement conforming to the pleading requirements of Fed.R.Civ.P. 8.

---

[1] Following the dismissal of his complaint, Giles filed a motion for a new trial, which the district court construed as a motion for reconsideration and denied. The court also levied sanctions against Giles in the amount of $700, but stayed the order pending the resolution of his appeal. We lack jurisdiction to review these orders because Giles failed to designate them in his notice of appeal and they were issued after the final judgment. <u>See</u> Fed.R.App.P. 3(c)(1)(B); <u>cf.</u> <u>Barfield v. Brierton</u>, 883 F.2d 923, 930 (11th Cir. 1989) (jurisdiction exists over a final judgment and all non-final orders and rulings that produced that judgment).

Giles appealed this decision, and we affirmed the dismissal. Giles v. Wal-Mart Distrib. Ctr., 359 Fed.Appx. 91 (11th Cir. 2009).

In June 2010, Giles filed a second Title VII suit; he alleged that Wal-Mart had engaged in "employment discrimination and harassment." The district court granted Wal-Mart's motion to dismiss, concluding that res judicata barred Giles's suit because the claims against Wal-Mart were virtually identical to those raised in his earlier lawsuit that had been dismissed with prejudice. Again, we affirmed the dismissal, highlighting that Giles's second complaint was clearly barred by res judicata. Giles v. Wal-Mart Stores East, L.P., 426 Fed.Appx. 816 (11th Cir. 2011), cert. denied, 132 S.Ct. 521 (2011).

Now in this case, Giles contends that the district court erred in applying res judicata because he presented different claims -- including jurisdictional and constitutional issues, as well as a new claim under the Equal Pay Act, 29 U.S.C. § 206(d) -- that were not litigated in his earlier two Title VII suits.[2] He also contends that he omitted claims from his earlier complaints for negligence, retaliation, harassment, and wrongful termination. The addition or subtraction of

---

[2] The district court also entered an injunction barring Giles from filing additional complaints alleging employment discrimination against Wal-Mart, without first seeking leave from the court. We decline to address this aspect of the court's ruling because Giles fails to argue on appeal that the court erred by granting Wal-Mart's request for an injunction. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (despite the liberal construction afforded to pro se pleadings, "issues not briefed on appeal by a pro se litigant are deemed abandoned").

claims or legal theories, however, does not alter that the claims in Giles's instant complaint arose from the same factual predicate as his two earlier Title VII suits against the same defendant.  See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (a plaintiff may not spilt his case into parts, or bring claims based on different legal theories at different times); see also NAACP v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990) (explaining that res judicata applies "not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact").

Because Giles's third complaint is barred by res judicata, we conclude that the district court did not err in dismissing this action against Wal-Mart.

AFFIRMED.