[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11618
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00101-CAR

ADOLFUS O'BRYAN GILES,
a.k.a. Adolfus O'Brien Giles,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 9, 2015)

Before MARCUS, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Adolfus Giles, proceeding pro se, appeals the district court's dismissal, for

lack of subject matter jurisdiction, of his Federal Tort Claims Act ("FTCA") suit

against the United States, brought pursuant to 28 U.S.C. § 2674.  On appeal, Giles argues that: (1) the district judge should have recused himself sua sponte because the suit involves a deputy clerk in the same federal court; and (2) the district court erred when it found that the deputy clerk, whose actions led to the claim, was protected by absolute quasi-judicial immunity.  After careful review, we affirm.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  We generally do not consider arguments not raised before the district court, and rarely invoke the plain error doctrine in civil cases.  Ledford v. Peeples, 657 F.3d 1222, 1258 (11th Cir. 2011).  However, we have reviewed the issue of recusal that is raised for the first time on appeal for plain error.  Curves, LLC v. Spalding Cnty., Ga., 685 F.3d 1284, 1287 n.2 (11th Cir. 2012).  To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir.2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id.

First, we find no merit to Giles's recusal claim.  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  A

2

judge is also required to disqualify himself if he has a personal bias or prejudice against a party or personal knowledge of disputed evidentiary facts in the proceeding.  28 U.S.C. § 455(b)(1).  "The standard under § 455 is objective and requires the court to ask whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted).

The allegation of bias must show that the bias is personal rather than judicial in nature.  Id.  That is, "the bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."  Phillips v. Joint Legis. Comm. on Performance & Expenditure Review of the State of Miss., 637 F.2d 1014, 1020 (5th Cir. 1981) (quotation omitted).[1]  Disqualification "ordinarily may not be predicated on the judge's rulings in the instant case or in related cases."  Id. (citations omitted).

In this case, Giles essentially is arguing that a deputy clerk at the district court was negligent by mislabeling documents that Giles had filed in a case against Wal-Mart, thereby causing Giles's complaint against Wal-Mart to be dismissed with prejudice.  However, there is nothing in the record that would lead an objective lay observer with all the facts to entertain significant doubt about the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

3

district judge's impartiality.  Moreover, any bias the district judge showed against

Giles in the prior action, including sanctions, was judicial rather than personal in

nature, and thus not a basis for recusal.  Therefore, we find no plain error in the

district judge's failure to recuse himself sua sponte.

We are also unpersuaded by Giles's claim that the district court erred in

dismissing his negligence suit against the deputy clerk.  While we recognize that

the district court erred in dismissing the case based on the deputy clerk's quasi-

judicial immunity,[2] we may nevertheless affirm on any ground that appears in the

record.  Lanfear v. Home Depot, Inc., 679 F.3d 1267, 1275 (11th Cir. 2012).  The

record here reveals that Giles failed to exhaust his claim within the time allotted.

"A tort claim against the United States shall be forever barred unless it is

presented in writing to the appropriate Federal agency within two years after such

claim accrues" or the suit is commenced within six months after the federal agency

denies the claim.  28 U.S.C. § 2401(b).  A district court lacks subject matter

jurisdiction over suits where the plaintiff does not comply with the exhaustion

requirements of 28 U.S.C. § 2401(b).  See Turner v. United States, 514 F.3d 1194,

---

[2]    The record in this case indicates that quasi-judicial immunity was not available to the deputy clerk.  Our binding precedent holds that "[a] clerk of a federal court performing routine duties such as entering an order and notifying parties does not enjoy an absolute immunity from damages actions for injuries caused by that conduct."  Williams v. Wood, 612 F.2d 982, 984 (5th Cir. 1980).  Absolute quasi-judicial immunity applies when clerks act "in a nonroutine manner under command of court decrees or under explicit instructions of a judge."  Id. at 985.  Here, however, there is no record evidence, and the district court did not indicate that it took judicial notice, that the deputy clerk's actions were non-routine, expressly ordered by a judge, or were functionally comparable to a judge's actions.  Id. at 984.

1200 (11th Cir 2008).  "The general rule is that a claim under the FTCA accrues at the time of injury."  Diaz v. United States, 165 F.3d 1337, 1339 (11th Cir. 1999).  Certain types of claims accrue "when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his] injury and its connection with some act of the defendant."  Price v. United States, 775 F.2d 1491, 1494 (11th Cir. 1985) (medical malpractice).

Here, the record reveals that Giles notified the appropriate Federal agency about the deputy clerk's allegedly negligent actions, at the earliest, on March 8, 2012.  The record does not indicate when Giles first noticed that the deputy clerk had erroneously stamped his statement about Wal-Mart as a complaint.  However, Giles's own complaint in the instant FTCA lawsuit said that the deputy clerk told him to pay the fee to file the complaint.  In his brief on appeal, Giles says that he paid the fee and then left.  At that time, in paying the filing fee, arguably Giles should have known that the deputy clerk was going to file Giles's submitted materials as a complaint.  More importantly, Giles's complaint alleged that he was injured because the deputy clerk's actions caused the dismissal of his lawsuit.  Thus, Giles knew that he was injured by the deputy clerk's actions, or should have known, by the time the district court dismissed his claims on March 31, 2009, or when we affirmed that dismissal on December 28, 2009.  See Giles v. Wal-Mart Distribution Center, 359 F. App'x 91, 92 (11th Cir. 2009).  Based on these dates,

because Giles notified the agency at the earliest on March 8, 2012, Giles failed to notify the appropriate federal agency within two years.  See 28 U.S.C. § 2401(b). Therefore, Giles's claim is barred and we affirm the district court's dismissal of Giles's complaint on this ground.  Lanfear, 679 F.3d at 1275.

**AFFIRMED**.