Reginald WILLIAMS, Plaintiff-Appellant,

v.

Marie WOOD, Defendant-Appellee.

No. 78-2896

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 3, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Reginald Williams, pro se.

Nickolas P. Geeker, U. S. Atty., Pensacola, Fla., Clinton Ashmore, Tallahassee, Fla., for defendant-appellee.

Before CHARLES CLARK, VANCE and
SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

A deputy clerk of a federal district court
allegedly failed to notify appellant of the
entry of final judgment and thereby pre-
vented him from appealing it. His ensuing
action against the deputy clerk was dis-
missed by the district court on the basis of
absolute immunity. We reverse and re-
mand.

## I.

On June 29, 1977, Reginald E. Williams, a
District of Columbia resident, filed a motion
to alter or amend the adverse judgment in
his pro se action in the Northern District of
Florida against Edward Roger Williams.
The district court denied the motion on July
8, 1977, and a deputy clerk, Andrea Revell,
entered that order in the official docket
record on the same day with a notation of
"copies to parties." Appellant Williams
alleges that he did not receive a copy of the
order and that, when he called the clerk's
office by telephone at an unspecified later
date, Revell and another deputy clerk, Ma-
rie Wood, told him that "the Court had not
made a determination in the Cause" and
that the clerk's office could not locate the
file. Williams also alleges that Wood prom-
ised to "return the call and advise [him]"
when the order was entered. Appellant
inquired again on or about September 20,
1977, and Wood told him that the order had
been entered on July 8 and sent him a copy.
He filed a notice of appeal on October 6.
This court dismissed the appeal because the
notice was untimely filed.

Appellant then filed suit against
Wood, a Florida resident, in the same dis-
trict court. He alleged that she maliciously
deprived him of due process and equal pro-
tection under the fifth and fourteenth
amendments and violated 42 U.S.C. §§ 1981
and 1983.[1] He requested punitive and com-
pensatory damages and other relief. Wood
moved for dismissal on the basis of absolute
quasi-judicial immunity and failure to state
a claim, and moved in the alternative for
summary judgment. The district court de-
nied summary judgment because of disput-
ed facts but dismissed the action. The basis
for dismissal was the district court's holding
that Wood's duties in filing orders and noti-
fying parties were judicial functions falling
within the absolute immunity of the district
judge. The court also held that 42 U.S.C.
§§ 1981 and 1983 and 28 U.S.C. § 1343 are
inapplicable to actions under color of feder-
al law, and intimated that Williams had not
stated a claim upon which relief could be
granted. That intimation apparently was
based on this court's decision in *Davis v.
Passman*, 571 F.2d 793, 801 (5th Cir. 1978)
(en banc). The Supreme Court subsequent-
ly reversed that decision, *Davis v. Passman*,
442 U.S. 228, 243, 99 S.Ct. 2264, 2276, 60
L.Ed.2d 846 (1979), and we have applied
*Davis* retroactively, *Seibert v. Baptist*, 599
F.2d 743 (5th Cir. 1979). Under these hold-
ings Williams has stated a fifth amendment
claim and we therefore must consider the
lower court's conclusions with respect to
Wood's immunity.

## II.

A clerk of a federal court per-
forming routine duties such as entering an
order and notifying parties does not enjoy
an absolute immunity from damages ac-
tions for injuries caused by that conduct.
This circuit instead extended qualified im-
munity from damages actions under the
Civil Rights Act of 1871 to clerks of state

---

1. The complaint alleged jurisdiction under 28
U.S.C. §§ 1332, 1343, and 2201–2202. The De-
claratory Judgment Act, *id.* §§ 2201–2202, does
not confer subject-matter jurisdiction, as the
district court recognized. *Skelly Oil Co. v.
Phillips Petroleum Co.*, 339 U.S. 667, 671, 70
S.Ct. 876, 878, 94 L.Ed. 1194 (1950). The juris-
dictional section for § 1981 and § 1983 claims,
28 U.S.C. § 1343, does not apply because any
deprivation was under color of federal law, as
the district court noted. *Mack v. Alexander*,
575 F.2d 488, 489 (5th Cir. 1978). Jurisdiction
exists under 28 U.S.C. §§ 1332 and 1331.

courts in connection with their failure to forward a trial transcript to the state appellate court and their denial of copies of the records of other state court actions. *Rheuark v. Shaw,* 547 F.2d 1257, 1259 (5th Cir. 1977); *Qualls v. Shaw,* 535 F.2d 318, 319 (5th Cir. 1976). The same qualified immunity from damages actions is appropriate for clerks of federal courts performing similar acts.[2] A clerk "may receive immunity in his own right for the performance of a discretionary act or he may be covered by the immunity afforded the judge because he is performing a ministerial function at the direction of the judge." *Waits v. McGowan,* 516 F.2d 203, 206 (3d Cir. 1975). Absolute immunity from damages actions applies, only in a narrow range of actions, for clerks of court acting in a nonroutine manner under command of court decrees or under explicit instructions of a judge. Damages will not be awarded for a clerk's actions of this type even if in bad faith or with malice. *E. g., Zimmerman v. Spears,* 428 F.Supp. 759, 762 (W.D.Tex.), *aff'd on other grounds,* 565 F.2d 310 (5th Cir. 1977) (enforcing summons); *Weaver v. Thomas,* 399 F.Supp. 615, 617 (S.D.Tex.1975) (refusing to file petition without required fee).[3] The rationale is that, in this limited group of functions, the clerk of court acts as the arm of the judge and comes within his absolute immunity. *See Barr v. Matteo,* 360 U.S. 564, 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1434 (1959). No immunity extends to clerks of court acting outside the scope of their jurisdiction, as is true for judges. *See Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 343, 20 L.Ed. 646 (1872).

■ In entering an order and notifying the parties a clerk of court enjoys qualified but not absolute immunity. *See McCray v. Maryland,* 456 F.2d 1, 5 (4th Cir. 1972).[4] That routine duty of court clerks does not fall within the narrow exception for clerical actions explicitly commanded by a court decree or by the judge's instructions. Dismissal of an action on the basis of immunity is proper only when the official is absolutely immune and not when he is qualifiedly immune. *Imbler v. Pachtman,* 424 U.S. 409, 419 n. 13, 96 S.Ct. 984, 984 n. 13, 47 L.Ed.2d 128 (1976). The dismissal of Williams' action by the district court on the basis of the clerk's immunity was incorrect.

■ Williams alleges that Wood failed to notify him of the entry of the order on his motion, and then told him that the order had not yet been rendered. He also contends that she promised then failed to contact him by telephone when the order was rendered, and that she "also advised [Williams] that she was responsible for the mal-

---

2. Several circuits have afforded qualified immunity to clerks of state courts. *Shipp v. Todd,* 568 F.2d 133, 134 (9th Cir. 1978) (in their judicial functions); *McLallen v. Henderson,* 492 F.2d 1298, 1300 (8th Cir. 1974) (for good-faith acts); *Denman v. Leedy,* 479 F.2d 1097, 1098 (6th Cir. 1973) (in setting bail bond); *McCray v. Maryland,* 456 F.2d 1, 4–5 (4th Cir. 1972) (in filing papers negligently); *Marty's Adult World of New Britain, Inc. v. Guida,* 453 F.Supp. 810, 816 (D.Conn.1978) (for ministerial duties).

3. Several court of appeals decisions have extended absolute immunity to clerks of state courts involving similar exceptional actions. *Slotnik v. Staviskey,* 560 F.2d 31, 32 (1st Cir. 1977), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978) (in entering judgment); *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir.), *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969) (under court order); *Brown v. Dunne,* 409 F.2d 341, 343 (7th Cir. 1969) (in administering conservatorship); *see Barnes v. Dorsey,* 480 F.2d 1057, 1060 (8th Cir. 1973) (in denying transcript under proce-

dural rules); *Smith v. Rosenbaum,* 460 F.2d 1019, 1020 (3d Cir. 1972) (in revoking bail bond under statutory requirement); *Dieu v. Norton,* 411 F.2d 761, 763 (7th Cir. 1969) (in denying free transcript under procedural rules); *Steinpreis v. Shook,* 377 F.2d 282, 283 (4th Cir. 1967), *cert. denied,* 389 U.S. 1057, 88 S.Ct. 811, 19 L.Ed.2d 858 (1968) (in issuing summons under court rule and statute). *But see Stewart v. Minnick,* 409 F.2d 826 (9th Cir. 1969) (general quasi-judicial immunity). Two district court decisions have afforded absolute immunity to clerks of federal courts. *Burton v. Peartree,* 326 F.Supp. 755, 761 (E.D.Pa.1971); *see* note 4 *infra.*

4. *But see Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (absolute immunity for filing documents); *Sullivan v. Kelleher,* 405 F.2d 486, 487 (1st Cir. 1968) (same); *Rudnicki v. McCormack,* 210 F.Supp. 905, 907–08 (D.Mass. 1962), *appeal dismissed,* 372 U.S. 226, 83 S.Ct. 679, 9 L.Ed.2d 714 (1963) (same).

feasance and misfeasance." He charges that Wood acted in bad faith and with malice. Wood, of course, disagrees with these allegations. Williams has, however, alleged facts that, if true, would overcome Wood's qualified immunity and would justify relief. We do not reflect any view as to the verity of his allegations.

REVERSED and REMANDED.