Elder W. LEBERT, Appellant,

v.

Jay S. HAMMOND and Edmund N. Orbeck, Appellees.

No. 5954.

Supreme Court of Alaska.

April 1, 1983.

Elder W. Lebert, Fairbanks, pro se.

Kathryn M. Kolkhorst, Asst. Atty. Gen., and Wilson L. Condon, Atty. Gen., Juneau, for appellees.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Elder W. Lebert has lived in Alaska off and on since 1939 and continuously since 1968. On November 9, 1977, he was fired from his job on the Trans-Alaska Pipeline System project because he lacked a residency card.[1]

Lebert had previously been told by the Department of Labor that he could not be issued a residency card unless he answered all the questions on the form provided ap-plicants. He had refused to answer all the questions and did not file an application.

Lebert sued Governor Jay Hammond and Commissioner of Labor Edmund Orbeck for damages, claiming that their enforcement of the Alaska Hire Act had caused his discharge. Lebert alleged that the requirement that he obtain a residency card in order to be eligible for employment was unconstitutional and that the disclosures required in order to obtain a card were an invasion of his privacy.

Governor Hammond and Commissioner Orbeck moved for summary judgment, claiming that they were immune from tort liability for their good faith enforcement of the Alaska Hire Act, that Lebert had failed to exhaust his administrative remedies, that he lacked standing, and that he had not suffered an injury proximately caused by their alleged actions. The motion was supported by affidavits asserting that Hammond and Orbeck had in good faith believed that the legislation they enforced was constitutional. Hammond and Orbeck also asserted that they had no personal awareness of or involvement in the procedures used with respect to Lebert in the residency hire program in Fairbanks.

The superior court granted summary judgment for Hammond and Orbeck, ruling that they were immune from suit for damages arising from their good faith enforcement of the Act, that Lebert had not asserted any injury proximately caused by an invasion of privacy and hence lacked standing, and that even if he had been injured, Hammond and Orbeck were not liable for the actions of subordinate officers because they were not involved in the allegedly injurious conduct. Lebert appeals this decision.

### II. RESIDENCY CARD REQUIREMENT

The Alaska Hire Act was enacted in 1972 to give hiring preference to qualified Alas-

---

1. A residency card is the colloquial term for a certificate of residency issued by the Department of Labor under the Alaska Hire Act, AS 38.40.010–.090, repealed by ch. 94, § 36, SLA 1980. The Act was declared unconstitutional in *Hicklin v. Orbeck*, 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978).

ka residents over non-residents in pipeline-related employment. AS 38.40.010 (repealed 1980). A 1976 amendment to the Act directed the commissioner of labor to "determine the resident status of individuals for purposes of [the Alaska Hire Act] and issue a certificate to persons determined to be residents of the state." AS 38.40.030(b). This section implicitly made the administrative determination of residency and the issuance of a residency card prerequisites for employment on the pipeline. Lebert argues that this residency card requirement was unconstitutional and that Hammond's and Orbeck's enforcement of the unconstitutional requirement subjected them to personal liability.

 Executive officials who enforce a law in good faith are entitled to immunity from personal liability. *Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 1691–92, 40 L.Ed.2d 90, 103 (1974). This qualified immunity extends to situations in which the law is later held unconstitutional, either on its face or as applied. *Pierson v. Ray,* 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 295 (1967). Although the officials' good faith may normally be a question of fact, *see Williams v. Wood,* 612 F.2d 982, 985–86 (5th Cir.1980), we agree with the superior court that the circumstances of this case warrant a finding of good faith as a matter of law. At the time that Lebert was discharged, the Alaska Hire Act had been upheld by this court as constitutional (with the exception of the one-year durational residency requirement). *Hicklin v. Orbeck,* 565 P.2d 159 (Alaska 1977). It was not until after Lebert lost his job that the Act was declared unconstitutional by the United States Supreme Court. *Hicklin v. Orbeck,* 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978). Thus, Hammond and Orbeck were entitled to believe that the entire Act, other than the one-year requirement, was constitutional and that they had a duty to enforce it. We therefore conclude that the superior court was correct in holding that Hammond and Orbeck are immune from liability for enforcing the residency card requirement of the Alaska Hire Act.

### III. ADMINISTRATIVE IMPLEMENTATION

Lebert also attacks the administrative implementation of the residency card requirement. Lebert argues that the Department of Labor invaded his privacy[2] by requiring disclosure of his social security number and other allegedly irrelevant information in order to obtain a residency card. Lebert seeks to hold Hammond and Orbeck personally liable because they are responsible for the operation of the department. The superior court concluded that Lebert lacked standing and that Hammond and Orbeck could not be held liable for the administrative implementation of the residency card requirement.

#### A. *Standing*

 The superior court found that because Lebert had not actually filed an application for a residency card, he suffered no injury and hence lacked standing to bring his claim. We disagree. Lebert is objecting to the requirements that he file an application and make certain disclosures. Clearly, these allegedly unconstitutional requirements were a substantial factor in Lebert's termination from employment. He therefore suffered a direct economic injury and has standing. *See Wagstaff v. Superior Court,* 535 P.2d 1220, 1225 (Alaska 1975).

#### B. *Liability*

 The superior court ruled that even if Lebert did suffer an injury, he does not have a cause of action against Hammond and Orbeck because they were not involved in the promulgation or enforcement of the allegedly unconstitutional requirements. As the superior court noted, an official will not be held vicariously liable for the acts of his subordinates. *Jennings v. Davis,* 476 F.2d 1271, 1273–75 (8th Cir.1973). Thus, Hammond and Orbeck cannot be liable to Lebert merely because a state employee

---

**2.** Although Lebert's complaint does not specifically invoke Alaska's constitutional right to privacy, it does allege that his right of privacy was violated.

allegedly violated Lebert's constitutional rights; liability requires personal fault or complicity in the alleged violations. Annot., 51 A.L.R. Fed. 285 (1981).

 Lebert arguably contends, however, that Hammond and Orbeck are not merely vicariously liable, but are personally liable because they are responsible for the regulations promulgated by the Department of Labor.[3] Assuming, without deciding, that the governor and a commissioner of a department may be liable if they act in bad faith in promulgating or enforcing an unconstitutional regulation,[4] Lebert has not alleged or presented evidence that Hammond and Orbeck acted in bad faith with respect to any regulations that may have been promulgated under former AS 38.40.-030(d).

If a cause of action could have been stated, it was at the minimum incumbent upon Lebert to allege that Hammond and Orbeck knew or should have known that the Department of Labor was violating Lebert's constitutional rights. We do not so hold, but if Hammond and Orbeck should have known that the Department of Labor was requiring the disclosure of Lebert's social security number and other allegedly irrelevant information as a prerequisite to issuing Lebert a residency card, it would nonetheless still be necessary to any cause of action by Lebert that Hammond and Orbeck knew or should have known that this requirement was unconstitutional.

The superior court did not determine whether the disclosures required by the Department of Labor were unconstitutional and we need not address the issue to resolve this appeal. Even if requiring the disclosures were ultimately held to be unconstitutional, we conclude that Hammond and Orbeck could not "reasonably have recognized" in 1977 that the requirements were

unconstitutional. *Doyle v. Wilson,* 529 F.Supp. 1343, 1351–52 (D.Del.1982) (federal employees could not reasonably have recognized in 1980 that it was arguably impermissible to require disclosure of a social security number for identification purposes and thus were immune from liability). We therefore conclude that, notwithstanding the possible merit of Lebert's underlying right to privacy claim, Hammond and Orbeck are immune from liability as a matter of law.

The judgment of the superior court is AFFIRMED.

CONNOR, J., not participating.

---

**3.** Under AS 38.40.030(d) (repealed by ch. 94, § 36, SLA 1980), the Department of Labor was required to adopt regulations implementing the Act. AS 44.31.010 states that the principal executive officer of the Department of Labor is the commissioner of labor. Under Article III, § 16, of the Alaska Constitution, the governor is held responsible for execution of the law, and

given the power to restrain unconstitutional agency conduct.

**4.** The "good faith immunity" recognized in *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), extends to any possible liability for the promulgation or enforcement of allegedly unconstitutional regulations.