IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50955
Summary Calendar
_____

JOHN RUFUS BLACK, JR.,

                                        Plaintiff-Appellant,

versus

TROY C. BENNETT, JR.;
ABEL ACOSTA, also known as
Unknown Deputy Clerk,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CV-97
- - - - - - - - - -
December 7, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     John Rufus Black, Jr., Texas state prisoner # 607439, has

appealed the district court's summary-judgment dismissal of his

claims for monetary damages against Troy C. Bennett, Jr., Clerk

of the Texas Court of Criminal Appeals; and Abel Acosta, a deputy

clerk of that court.  We AFFIRM.

     Black's action is based on the appellees' refusal to file

his motion for rehearing of the Texas court's denial of his

application for discretionary review of the affirmance of his

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

criminal conviction and sentence. However, Black has failed to contest the district court's ruling that the appellees are entitled to quasi-judicial immunity from liability for damages relative to appellees' said refusal to file. See Antoine v. Byers & Anderson, 508 U.S. 429, 436 (1993); Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980).

Black's failure to brief the issue whether the appellees are entitled to summary judgment on grounds of quasi-judicial immunity constitutes a waiver of that issue on appeal. See Webb Cardiothoracic Surgery Associates of North Texas, 139 F.3d 532, 536 n.3 (5th Cir. 1998). The district court's said ruling is dispositive of Black's claims for damages based on 42 U.S.C. § 1983 and his supplemental state-law claim that appellees intentionally inflicted emotional distress upon him.

JUDGMENT AFFIRMED.