**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

**No. 05-11476**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-10102-CV-SH

THOMAS GEORGE HYLAND,

Plaintiff-Appellant,

versus

DANNY L. KOLHAGE,
RUTH THURSTON,

Defendants-Appellees.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(November 29, 2005)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

**PER CURIAM:**

Florida prisoner Thomas G. Hyland, filing *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against Monroe County Clerk of Court Danny L. Kolhage and Deputy Clerk Ruth Thurston. The district court found the complaint failed to state a claim, and was further barred by *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). We affirm the district court's dismissal of Hyland's action against Kolhage, but vacate and remand the dismissal of Hyland's action against Thurston.

## I.  BACKGROUND

Hyland's complaint alleged that on February 3, 2004, a state judge sentenced him to two years' probation for a felony petit theft. Thurston took the court minutes at sentencing. Hyland claimed the original court minutes, which he attached to the complaint, indicated the sentencing judge found Hyland should be held in custody until there was a bed available in the "Keys to Recovery Program." Hyland alleged that in April 2004, an altered set of minutes was drafted, in which the phrase "complete Keys to Recovery" was written in the "other" notation section as a special condition of probation. Hyland claimed Thurston illegally altered the minutes, which resulted in a condition of probation being entered when it was not so ordered by the sentencing judge. He argued Thurston "negligently" added the additional condition, but he also claimed it was not "just an oversight or

a failure to maintain records, but deliberate, affirmative, operational action, void of judgment or discretion . . . by private agenda." Hyland claimed Thurston's actions amounted to "malfeasance of bad faith." He argued because of Thurston's actions, he was forced to spend time in "illegal restraint," and the Department of Corrections used the altered court minutes to incarcerate him for failure to complete the treatment program. In his handwritten objections to the magistrate's Report & Recommendation (R&R), Hyland attached the court minutes showing the state court granted his motion to dismiss a violation of condition nine, the "Keys to Recovery" condition.

On appeal, Hyland argues Kolhage (1) was liable for Thurston's actions because Thurston acted outside the legal scope of her employment, and (2) was deliberately indifferent to his deputy clerk's unlawful alteration of court minutes even after Hyland had notified him of the alteration.[1] Hyland also claims Thurston should not enjoy qualified immunity for her deliberate acts, the unlawful alteration of court minutes.

---

[1] We have repeatedly held we will not consider an issue raised for the first time on appeal. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Thus, we will not consider Hyland's argument not raised before the district court—that Kolhage acted with deliberate indifference. Additionally, we will not consider documents that Hyland submitted for the first time on appeal and did not present to the district court—the Probation Officer's affidavit and Hyland's motion to dismiss the petition regarding probation condition nine.

3

## II. DISCUSSION

"A district court's *sua sponte* dismissal for failure to state a claim under [28 U.S.C.] § 1915(e)(2)(B)(ii) is reviewed *de novo*, viewing the allegations in the complaint as true." *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003). "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 97 S. Ct. 285, 292 (1976) (internal quotations omitted). When issues are raised for the first time in objections to the magistrate's report, we review them since the district court had an opportunity to address the merits of the contentions. *United States v. Puett*, 735 F.2d 1331, 1334 n.2 (11th Cir. 1984). "A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or

immunities secured by the Constitution or the laws of the United States."
*Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985).

"It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotations omitted). A clerk of a state court performing routine duties such as entering an order and notifying parties enjoys qualified immunity from damages actions for injuries caused by that conduct. *See Williams v. Wood*, 612 F.2d 982, 984 (5th Cir. 1980)[2] (discussing the immunity of federal clerks drawing an analogy from the immunity of state clerks). In *Williams*, the court found a complaint alleged facts that, if true, would overcome the clerk's qualified immunity and justify relief where the complaint alleged a deputy clerk of a federal district court (1) failed to notify the plaintiff of the entry of an order on plaintiff's motion and then told the plaintiff the order had not yet been rendered, (2) promised to contact the plaintiff by telephone when the order was rendered, but failed to do so, and (3) acted in bad faith and with malice. *See id.* at 986.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

The district court did not err by dismissing Hyland's complaint for failure to state a claim as to Kolhage. Kolhage cannot be held liable on the basis of respondeat superior or vicarious liability for the actions of his subordinate, Thurston. *See Hartley*, 193 F.3d at 1269. However, taking the allegations in Hyland's complaint as true, Thurston is not immune from the suit. Even though Hyland's complaint stated Thurston "negligently" added the Keys to Recovery notation, he also claimed her actions were not "just an oversight or a failure to maintain records, but deliberate, affirmative, operational action, void of judgment or discretion . . . by private agenda." Hyland claimed Thurston's actions amounted to "malfeasance of bad faith." Thus, Hyland was alleging Thurston was not only negligent but was acting with deliberate indifference. *See Estelle*, 97 S. Ct. at 292; *Williams*, 612 F.2d at 984–85. Accordingly, Thurston is not immune from this suit.

Next, the district court erred by dismissing Hyland's complaint based on the holding in *Heck*. In *Heck*, 114 S. Ct. at 2372, the Supreme Court held "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

6

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." If this type of action is brought prior to the invalidation of the challenged conviction or sentence, it must be dismissed as premature. *Id.*

Because the state court has already granted Hyland's motion to dismiss the charge that he violated condition nine, habeas corpus relief is no longer available to him. *Id.* Thus, Hyland's claim is cognizable under § 1983. It is understandable the magistrate recommended the dismissal of Hyland's claim under *Heck*, because in his complaint, Hyland did not allege the state court had granted his motion to dismiss the petition as to violation of condition nine. However, in his handwritten objections to the R&R, Hyland submitted the court minutes showing the state court had granted his motion to dismiss with regard to violation nine., "issue of Keys to Recovery." The district court had an opportunity to address the merits of this fact but failed to do so. *See Puett*, 735 F.2d at 1334 n.2. Thus, we vacate and remand with regard to this issue.

### III. CONCLUSION

The district court did not err in err in dismissing the suit as to Kolhage because supervisory officials are not liable under 42 U.S.C. § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or

vicarious liability.  We vacate and remand the dismissal of Hyland's action against Thurston, however, because taking the allegations in his complaint as true, Thurston does not enjoy qualified immunity for her deliberate acts.  Additionally, *Heck* is inapplicable to this case and does not bar Hyland's claims.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**