[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11055

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

NEIL WARREN,
Sheriff, Cobb County,
COBB COUNTY,
LAWSON,
Mailroom Officer,
LT. COL. JANET PRINCE,
Cobb County Sheriff Office,
JAY C. STEPHENSON,
Clerk, et al.,

2                          Opinion of the Court                    21-11055

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:13-cv-03053-WMR

_____

Before WILLIAM PRYOR, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner, appeals *pro se* the dismissal of his amended complaint against state court and prison officials, 42 U.S.C. § 1983, for failure to state a claim and qualified immunity. 28 U.S.C. § 1915A. Daker alleged that the Clerk and a deputy clerk of the Cobb County Superior Court denied him access to the courts by mishandling his notice of appeal and that officials at the Cobb County Adult Detention Center denied him access to court by providing insufficient materials in its law library. 28 U.S.C. § 1915A. He also alleged that mailroom workers caused him to miss a filing deadline by tardily processing his second notice of appeal. And Daker asks that we certify questions to the Georgia Supreme Court. We affirm the dismissal of Daker's amended complaint, and we deny his motion for certification.

We review *de novo* the dismissal of Daker's complaint. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (dismissing *sua sponte* under 28 U.S.C. § 1915A); *Paez v. Mulvey*, 915 F.3d 1276, 1284 (11th Cir. 2019) (dismissing based on qualified immunity). We accept the allegations in Daker's complaint as true and construe them in his favor. *See Leal*, 254 F.3d at 1279; *Paez*, 915 F.3d at 1284.

The district court did not err by *sua sponte* dismissing Daker's complaints against court officials and officials at the detention center. Federal law requires district courts to screen civil complaints filed by prisoners against government officials for frivolity. 28 U.S.C. § 1915A. Daker's allegations that the Clerk and deputy clerk "did not file [his first] notice of appeal, but instead, forwarded it (unfiled) to the Senior Judge's office[,]" failed to support a plausible inference that the officials acted deliberately to deny Daker access to court. *See Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Williams v. Wood*, 612 F.2d 982, 986 (5th Cir. 1980). And the Georgia Supreme Court dismissed Daker's first notice of appeal because the order he challenged—denying him leave to proceed *in forma pauperis*—was not reviewable, not because he filed an incorrect pleading, which he blamed on inadequate legal materials in the law library.

The district court also did not err by dismissing Daker's claim against mailroom workers based on qualified immunity. The workers acted within their discretionary authority when they processed Daker's mail. *See Paez*, 915 F.3d at 1284. And the mailroom

workers would not have known that delaying the delivery of Daker's second notice of appeal by one day would violate his right to access the Georgia Supreme Court. *See id.* (repeating that an official is entitled to qualified immunity unless the "unlawfulness of [his] conduct was 'clearly established at the time'"). Daker deposited his second notice in the mailroom on Thursday, May 26, 2011, where it remained on Friday, a furlough day, and on Monday, Memorial Day, and after processing on Tuesday, the workers delivered the second notice to the court on Wednesday. Daker's second notice was filed one day late, but the workers reasonably could have thought the notice would be timely based on the mailbox rule. *See Roberts v. Cooper*, 691 S.E.2d 875 (Ga. 2010) (discussing the mailbox rule). The workers would not have necessarily known that the Georgia Supreme Court would dismiss Daker's second notice of appeal as untimely.

Daker fails to identify an issue warranting certification. We may certify questions to the Georgia Supreme Court when there are questions of state law that "are determinative of the case and there are no clear controlling precedents" governing those questions. *See* O.C.G.A. § 15-2-9(a). Daker seeks certification to address whether the Clerk properly performed his duty by forwarding Daker's notice of appeal to the judge; whether the judge sanctioned the Clerk's conduct by failing to act on the notice; whether the Georgia Supreme Court would have entertained his appeal had he filed a different pleading; and whether the Georgia Supreme Court

21-11055                Opinion of the Court                5

would have given him relief. None of the issues Daker identifies are determinative of his case.

We **AFFIRM** the dismissal of Daker's amended complaint. And we **DENY** his motion to certify questions to the Georgia Supreme Court.