[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10918

Non-Argument Calendar

_____

GREGORY ALBERT DARST,

Plaintiff-Appellant,

*versus*

MARY S. SCRIVEN,
DAVID J. SMITH,
SCOTT HARRIS,
CLARENCE THOMAS,
ELIZABETH WARREN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02840-WFJ-JSS

_____

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Darst, proceeding *pro se*, appeals the district court's dismissal of his amended complaint. He argues that the district court erroneously determined that Judge Mary Scriven was immune from suit because she committed criminal actions, under 18 U.S.C. § 1001, and was, therefore, not covered by judicial immunity. He also argues that Scott Harris, the Clerk of the Supreme Court, and David Smith, the Clerk of our Court, were also not immune. He argues that Harris was allegedly acting under the orders of Justice Thomas and that Smith was allegedly acting without any judicial oversight.

A district court's *sua sponte* dismissal for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii), is reviewed *de novo*, using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals. *Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997).

We can affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied on or even considered by the district court. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012). "*Pro se* pleadings are held to a less stringent standard than pleadings

drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Issues raised for the first time on appeal are deemed forfeited and we do not review them. *Id.*

Issues not raised in an initial brief are forfeited and generally deemed abandoned. *United States v. Campbell*, 26 F.4th 860, 871-72 (11th Cir.) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022). An appellant fails to brief a claim when he does not "plainly and prominently" raise it, such as by devoting a discrete section of his argument to the claim. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). An appellant also abandons a claim when: (a) he makes only passing references to it, (b) he raises it in a perfunctory manner without supporting arguments and authority, (c) he refers to it only in the "statement of the case" or "summary of the argument," (d) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments, or (e) he raises it for the first time in his reply brief. *Id.* at 681-83.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as

facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

The allegations in a *pro se* complaint are taken as true at the dismissal stage. *Brown v. Jackson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Pleadings should be construed "so as to do justice." Fed. R. Civ. P. 8(e).

Judges enjoy absolute judicial immunity when they act in their judicial capacity as long as they do not act "in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation marks omitted). This immunity even applies to conduct that "was in error, was done maliciously, or was in excess of his authority." *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quotation marks omitted). An act is "judicial" for purposes of immunity when it is typically performed by judges and the complaining party interacted with the judge in his judicial capacity. *Id.* at 1304. Whether an act is typically performed by judges is based on the nature and function of the act, not the factual circumstances of the particular action at issue. *Id.* at 1305.

Clerks of the court have absolute immunity for a narrow range of acts "they are specifically required to do under court order or at a judge's direction, and only qualified immunity for all other actions for damages." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). Absolute quasi-judicial immunity extends to people who perform duties closely related to the judicial process, but only for actions taken within the scope of their authority. *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). We determine whether

quasi-judicial immunity exists "through a *functional* analysis of the action taken by the official in relation to the judicial process." *Id.* Thus, absolute quasi-judicial immunity applies when clerks act pursuant to court decrees or a judge's explicit instructions, but not when they perform routine duties like entering court orders or notifying parties. *Williams v. Wood*, 612 F.2d 982, 984-85 (5th Cir. 1980).

Under 18 U.S.C. § 1001, a person may be fined or imprisoned for knowingly and willfully making false statements in any matter before the executive, legislative, or judicial branch. 18 U.S.C. § 1001(a)(2). Statements made by a party in a judicial proceeding are exempt from this section. *Id.* § 1001(b).

Here, as a preliminary matter, Darst raises the issue of Judge Jung's recusal for the first time on appeal. He did not move for Judge Jung's recusal during his district court proceedings and, accordingly, has forfeited the issue of Judge Jung's recusal on appeal. *See Tannenbaum*, 148 F.3d at 1263. Further, on appeal Darst only argues that the district court erred in determining that Judge Scriven, Smith, and Harris were subject to judicial immunity. Accordingly, he has abandoned any challenge to the district court's determination that Justice Thomas and Warren were judicially immune. *Sapuppo,* 739 F.3d at 680.

As to the district court's dismissal of his amended complaint, the district court properly concluded that Judge Scriven was entitled to judicial immunity. Darst's allegations in his amended complaint pertained to Judge Scriven's actions within her official

capacity when she construed Darst's motion and later dismissed his case. *Sibley*, 437 F.3d at 1070. Darst tries to avoid the doctrine of judicial immunity by characterizing Judge Scriven's actions as criminal. Darst alleges that Judge Scriven's acts were criminal under 18 U.S.C. § 1001, but it is unclear whether § 1001 applies to judges given that parties in judicial proceedings are exempt from the penalties under that section. 18 U.S.C. § 1001(b). Darst does not cite to any other criminal code section to support his allegation that Judge Scriven's actions were criminal. Therefore, Judge Scriven, at most, exceeded her authority or acted maliciously when she converted Darst's coram nobis motion to a § 2255 motion but would still be immune because immunity applies to erroneous actions, malicious actions, or actions that exceed authority. *Stevens*, 877 F.3d at 1301.

As to Harris, the district court properly determined that he was immune. Taking Darst's complaint as true, Darst claims Harris was acting without the oversight of Justice Thomas because Justice Thomas delegated discretionary duties regarding certiorari petitions to Harris. *Brown*, 387 F.3d at 1350. Based on Darst's claims, Harris was allegedly acting pursuant to Justice Thomas's instruction that Harris handle the certiorari petitions and is protected by quasi-judicial immunity. *Williams*, 612 F.2d at 984 85.

As to Smith, Darst failed to support his allegation with any plausible facts and so the district court properly dismissed this claim. Darst's allegations that Smith exceeded his authority and violated Darst's due process rights were merely conclusory and

devoid of factual support. *Tarter*, 646 F.2d at 1013. Darst did not provide a description of the order Smith allegedly issued nor did he provide any specifics of the order to show that Smith wrote the order without judicial oversight. Instead, Darst summarily concluded that Smith's order was written in such a way that no judicial officer could have been involved in its adjudication because it only listed the standard for interlocutory orders and condoned the violation of circuit precedent. Darst provided no other information to support his conclusion that Smith was acting without supervision of the judges or was acting outside of his authority. Based on his belief on what should have been addressed in the order, Darst simply concluded that Smith was acting without any judicial oversight and such conclusions are not adequately pled so as to survive the initial pleading stage. *Oxford Asset Mgmt., Ltd.*, 297 F.3d at 1188. Accordingly, Darst failed to adequately plead any facts sufficient to show that Smith violated Darst's rights, and this Court affirms the district court's dismissal on that ground.

**AFFIRMED.**