Filed 8/22/23  Williams v. McCowen CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BRIAN WILLIAMS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LESLEY McCOWEN,<br><br>    Defendants and<br>    Respondent. | B321535<br><br>(Los Angeles County<br>Super. Ct. No. BC714309) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Affirmed.

Brian Williams, in pro. per., for Plaintiff and Appellant.

Cummings, McClorey, Davis, Acho & Associates and Sarah L. Overton for Defendant and Respondent.

————————————

Brian Williams, a self-represented litigant, appeals the judgment dismissing Lesley McCowen, a retired deputy clerk of the Los Angeles Superior Court, from his 50-cause-of-action, multi-defendant, multi-million-dollar lawsuit after the trial court sustained McCowen's demurrer to the first amended complaint without leave to amend. Williams named McCowen in the caption of his pleading and alleged that she was being sued individually and in her official capacity and that she lived and worked in Los Angeles County. However, the first amended complaint contained no allegations of wrongdoing (or, indeed, allegations of any acts or omissions of any sort) by McCowen.

The trial court sustained McCowen's demurrer on the grounds Williams's pleading was uncertain and failed to state facts sufficient to constitute a cause of action and, with respect to any claims against McCowen in her official capacity, for failure to comply with the Government Code's claim presentation requirements (as to state law claims), sovereign immunity (federal civil rights claims) and absolute quasi-judicial immunity. On appeal Williams contends only that not all actions by a superior court deputy clerk are necessarily protected by absolute quasi-judicial immunity—again without identifying any purported misconduct by Williams—and complains that the court ruled on the demurrer in his absence when he failed to appear on time for the hearing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Williams's lawsuit arose from 2015 and 2016 unlawful detainer actions filed against him in Los Angeles Superior Court involving an apartment he rented in 2014 from one of the named

2

defendants.[1] Williams filed his initial complaint on July 16, 2018 and the operative first amended complaint for damages on March 2, 2020, naming 17 defendants and purporting to allege 50 causes of action, including for wrongful eviction, trespass, intentional infliction of emotional distress and deprivation of civil rights in violation of title 42 of the United States Code section 1983 (section 1983). His prayer for relief requested, in part, $999 million in general economic damages and $999 million in punitive damages.

Williams alleged in paragraph 3 that McCowen was sued individually and "in her official capacity as a Santa Monica Superior Court Deputy Clerk Employee in and for the County of Los Angeles" and in paragraph 33(M), on information and belief, that McCowen resided in Los Angeles County and was a superior court employee working at the address for the courthouse in Santa Monica. The pleading did not otherwise mention McCowen and contained no specific allegations concerning any acts or omissions by McCowen for which Williams sought to hold her liable.[2]

---

[1] Williams failed to include in his designation of the record on appeal the first amended complaint, McCowen's demurrer, his opposition to the demurrer, McCowen's reply and the trial court's ruling. However, those documents, other than the first amended complaint, are part of the record in a related appeal, *Williams v. Hillcrest Manor, LLC*, B319608, which Williams unsuccessfully sought to consolidate with this appeal and which he cites in his briefs. We augment the record on our own motion to include these five documents. (See Cal. Rules of Court, rule 8.155(a)(1)(A).)

[2] One of the central allegations in Williams's lawsuit is that he was not properly served in the 2015 unlawful detainer action

3

McCowen demurred to the first amended complaint on September 14, 2021, arguing any cause of action against her was barred by absolute quasi-judicial immunity; Williams had failed to comply with the claim presentation requirements of the Government Claims Act (Gov. Code, § 810 et seq.); sovereign immunity protected McCowen, a state actor in her official capacity, from federal civil rights claims; and the pleading was fatally uncertain and failed to state facts sufficient to constitute a cause of action against McCowen (Code Civ. Proc., § 430.10, subds. (e), (f)).

Williams filed an opposition, arguing the statute of limitations had not run on any of his causes of action (an issue not raised by McCowen in her demurrer), his pleading was not uncertain (although supplying no additional information concerning any theory of liability against McCowen), and court clerks are not necessarily entitled to absolute (as opposed to qualified) quasi-judicial immunity for all actions (quoting at length from a federal case applying federal law, *Williams v. Wood* (5th Cir. 1980) 612 F.2d 982, but again without indicating what McCowen did that would be outside the scope of absolute quasi-judicial immunity). Williams did not address the other grounds for the demurrer raised by McCowen. And, although he

_____

and the proof of service filed with the court was fraudulent. (Williams was apparently in custody on the date he had purportedly been served.) In paragraph 45 on page 60 of the first amended complaint, describing his discovery of the fraudulent proof of service, Williams alleged a court clerk at the Santa Monica courthouse made him a complete copy of the unlawful detainer file. McCowen was not identified as the clerk, and Williams did not allege any misconduct occurred in connection with that ministerial task.

4

requested leave to amend should the court sustain the demurrer, he did not indicate in what way he believed he could amend the pleading to cure any of its defects. McCowen filed a reply in support of her demurrer.[3]

Hearing on the demurrer was scheduled for April 4, 2022 at 8:30 a.m. No argument was heard: McCowen, represented by counsel, submitted on the court's tentative ruling; Williams did not appear.

The court sustained the demurrer without leave to amend, finding in favor of McCowen on each of the grounds asserted. First, the court found the pleading uncertain, agreeing with McCowen that she could not reasonably ascertain what specific facts, legal theories or causes of action were alleged against her. (The court noted more generally Williams's pleading failed to state the number and nature of each cause of action in the body of the document and failed to state as to each separate cause of action the party or parties to whom it was directed, all as required by California Rules of Court, rule 2.112.) The court also agreed there were insufficient facts alleged as to McCowen to constitute any cause of action, observing there were no specific factual allegations at all concerning McCowen. Both grounds went to the entire first amended complaint.

---

[3] Several days after McCowen's reply, Williams filed an amended opposition in which he quoted a news article describing a Georgia Supreme Court decision that reversed an order dismissing a lawsuit against two court clerks based on quasi-judicial immunity because the immunity issue had been raised sua sponte by the trial court, not the defendants. The court declined to consider this untimely supplemental filing.

5

Similarly, because the first amended complaint concerned an unlawful detainer proceeding, the court's ruling continued, any alleged conduct by McCowen arose from her duties as a clerk of the court where Williams's unlawful detainer action was litigated.  Accordingly, those actions (although none was alleged) were protected by quasi-judicial immunity.

As to the state law causes of action (identified by name and number on the caption page but not the body of the complaint), the court explained (with citation to authority) that a timely claim against the employing public entity is a condition precedent to a tort action against either the entity or one of its employees.  The court sustained the demurrer to those causes of action on the ground that Williams had failed to sufficiently allege compliance with the Government Claims Act claims presentation requirements.  (Gov. Code, §§ 905, 911.2, 945.4.)

Finally, quoting *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 829, that, "[S]tates and state officers sued in their official capacity are not considered persons under section 1983 and are immune from liability under the statute by virtue of the Eleventh Amendment and the doctrine of sovereign immunity," the court sustained the demurrer to the five causes of action that purported to assert section 1983 claims.  The court noted that Williams had not opposed McCowen's sovereign immunity argument "and therefore concedes on these points."

The court denied Williams's request in his opposition papers for leave to amend, finding no reasonable probability that the defects it identified could be cured by amendment.  Concerning immunity, the court wrote, nothing in the first amended complaint or the written opposition indicated Williams could coherently allege a viable cause of action.  Similarly, the

6

court ruled, there is no indication Williams could sufficiently allege compliance with the Government Claims Act claim requirements.

An order of dismissal and judgment was entered on April 19, 2022. Williams filed a timely notice of appeal.

## DISCUSSION

1. *Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the trial court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768; *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has properly been taken. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20; accord, *Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

We affirm the judgment if correct on any ground stated in the demurrer, regardless of the trial court's stated reasons (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967; *Regina v. State of California* (2023) 89 Cal.App.5th 386, 396-397), but liberally construe the pleading with a view to substantial justice between the parties. (Code Civ. Proc., § 452; *Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 726; see *Schifando v. City of Los Angeles, supra*, 31 Cal.4th at p. 1081.)

"'Where the complaint is defective, "[i]n the furtherance of justice great liberality should be exercised in permitting a

plaintiff to amend his [or her] complaint."'" (*Aubry v. Tri-City Hospital Dist., supra*, 2 Cal.4th at p. 970.) A plaintiff may demonstrate for the first time to the reviewing court how a complaint can be amended to cure the defect. (Code Civ. Proc., § 472c, subd. (a) ["[w]hen any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made"]; see *Sierra Palms Homeowners Assn. v. Metro Gold Line Foothill Extension Construction Authority* (2018) 19 Cal.App.5th 1127, 1132 [plaintiff may carry burden of proving an amendment would cure a legal defect for the first time on appeal]; *Rubenstein v. The Gap, Inc.* (2017) 14 Cal.App.5th 870, 881 ["'[w]hile such a showing can be made for the first time to the reviewing court [citation], it must be made'"].)

2. *The Trial Court Properly Sustained the Demurrer to Williams's First Amended Complaint*

The trial court properly sustained McCowen's demurrer to the entire first amended complaint—that is, to all of Williams's federal and state law causes of action—based on absolute quasi-judicial immunity.[4] As the United States Supreme Court

---

[4] We acknowledge, as McCowen has emphasized, that Williams did not designate an adequate record, omitting among other documents his first amended complaint and the court's ruling on the demurrer (see, e.g., *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["a party challenging a judgment has the burden of showing reversible error by an adequate record"]—an error we corrected by augmenting the record on our own motion. He also failed to comply with mandatory court rules requiring that briefs contain specific claims of legal error supported by argument with citations to the record and, if possible, legal

8

explained in *Stump v. Sparkman* (1978) 435 U.S. 349, "'[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts'" and "will not be deprived of immunity because the action [they] took was in error, was done maliciously, or was in excess of [their] authority." (*Id.* at pp. 355, 356.) "[R]ather," the Court continued, a judge "will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" or outside "his 'judicial' capacity." (*Id.* at pp. 356-357, 360.)

California courts (like federal courts and other states' courts) have extended this doctrine of absolute judicial immunity to individuals other than judges acting in a judicial or quasi-judicial capacity. (See, e.g., *Holt v. Brock* (2022) 85 Cal.App.5th 611, 621 ["[q]uasi-judicial immunity extends judicial immunity 'to persons other than judges if those persons act in a judicial or quasi-judicial capacity'"]; *Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 852-853 [same].) As pertinent here, court clerks have absolute quasi-judicial immunity from damages for performing tasks that are an integral part of the judicial process. (*Acres v. Marston* (2021) 72 Cal.App.5th 417, 422; see *Mirrison v. Jones* (9th Cr. 1979) 607 F.2d 1269, cert. den. (1980) 445 U.S. 962.)

---

authority (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); see *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1053 [reviewing court may disregard any portion of a brief that fails to comply with these requirements]). Nonetheless, we do not affirm the judgment on either of those grounds, doing our best, whenever we can, not to strictly apply technical rules of appellate practice in a manner that deprives self-represented litigants of a hearing.

9

In his opening brief Williams once again asserts that court clerks are not necessarily guaranteed absolute quasi-judicial immunity, quoting, as he had in his opposition to the demurrer, from *Williams v. Wood, supra,* 612 F.2d 982, which held in some circumstances a court clerk enjoys only qualified, not absolute, immunity to a lawsuit for damages.[5] But Williams's first amended complaint is devoid of factual allegations about McCowen's role in the underlying unlawful detainer actions. And he makes no argument he could amend the pleading to allege her conduct, whatever it might have been, would support a finding that she was not entitled to absolute quasi-judicial immunity (or even that he could defeat qualified immunity if he was able to establish that quasi-judicial immunity was limited in some instances under governing law).

In addition, Williams has forfeited any challenge to the order sustaining the demurrer to his state law causes of action for failure to comply with the claims presentation requirement of the Government Claims Act because that aspect of the trial court's ruling was not addressed in his briefs in this court. (See *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issues not raised on appeal may be "deemed waived"]; *Swain v. LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 72 [issues not raised in an appellant's brief are forfeited]; *Eck v. City of Los Angeles* (2019) 41 Cal.App.5th 141, 146.) Similarly, Williams does not contest

---

[5] Williams's opening brief also includes an extended quotation from a news article about a Georgia Supreme Court case that reversed a quasi-judicial immunity ruling for two court clerks on procedural grounds not pertinent to the case at bar. (See fn. 3.)

the trial court's ruling sustaining the demurrer to his federal civil rights causes of action under section 1983 based on principles of sovereign immunity.

Finally, apart from these affirmative defenses, which bar Williams's claims against McCowen, Williams has failed to identify the elements of any cause of action he purports to plead against her and to show how the facts alleged are "sufficient to establish *every element of that cause of action*." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879; accord, *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1502 [appellants challenging order sustaining demurrer "bore the burden to show how the alleged facts are sufficient to establish every element" of cause of action]; *Sui v. Price* (2011) 196 Cal.App.4th 933, 938 ["[t]he plaintiff 'bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law' and 'must show the complaint alleges facts sufficient to establish every element of [the] cause of action'"].) That, too, warrants affirming the trial court's order sustaining the demurrer.

3. *Williams's Failure To Timely Appear at the Hearing on the Demurrer Does Not Constitute a Ground for Reversal*

The court's seven-page April 4, 2022 minute order included at the bottom of the final page this comment: "The Court notes that the Plaintiff Brian Williams arrived in Department 19 of the Stanley Mosk Courthouse at 08:58 AM, after all matters for the 08:30 AM calendar for Department 19 have concluded." In his opening brief Williams concedes he arrived after 8:30 a.m. but explains that he travels by bus to court from San Diego and has no telephone or computer access except through the Los Angeles County Law Library and, therefore, was unable to notify the

11

court he would be late.  Williams contends the court should have put the matter on "second call," rather than proceed in his (unexplained) absence, noting he had never missed any prior court hearings.

Even if we could accept Williams's unsworn, outside-the-record justification for his failure to timely appear at the hearing on McCowen's demurrer, he identifies no reversible error.  The issue before the trial court was whether the first amended complaint alleged any legally viable cause of action against McCowen; and, as discussed, we review de novo the court's ruling.  Williams does not identify any pertinent argument he could have made at the hearing in the trial court that might have changed the outcome.  (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [error justifies reversal in a civil action only if it is reasonably probable a different result would have been reached absent the error].)  Moreover, to the extent Williams believed he actually had something of significance to add to his written opposition—"new or different facts, circumstances, or law"—he could have filed an application for reconsideration under Code of Civil Procedure section 1008.  Williams declined to take advantage of that procedure.

4.  *Leave To Amend Was Properly Denied*

Although Williams asked the trial court to grant leave to amend if McCowen's demurrer was sustained, he does not argue the trial court abused its discretion in denying that request nor does he repeat his request in this court, let alone suggest what facts he could allege in good faith that would cure the defects in any cause of action he might assert against McCowen.  It is plaintiff's burden to demonstrate an amendment would cure a complaint's defects.  (*Schifando v. City of Los Angeles, supra*,

12

31 Cal.4th at p. 1081; *Ivanoff v. Bank of America, N.A., supra,*
9 Cal.App.5th at p. 735.)  Leave to amend need not be granted
where it would be futile to do so.  (See *Ivanoff*, at p. 726; *Vaillette
v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685.)
McCowen's demurrer was properly sustained without leave to
amend.

## DISPOSITION

The order of dismissal and judgment is affirmed.  McCowen
is to recover her costs on appeal.


PERLUSS, P. J.

We concur:



FEUER, J.



MARTINEZ, J.